CHARLES G. DAVIS & others *vs.* FRANCIS A. SAWYER
& others. ·

Plymouth. Jan. 25. — Sept. 7, 1882. ENDICOTT & FIELD, JJ., absent.

The ringing, at an early hour in the morning, (for the purpose of arousing the keepers of boarding-houses where operatives in a mill live, or for the purpose of arousing the operatives themselves,) of a bell weighing two thousand pounds and set in an open tower forty feet from the ground, and so situated with respect to the residences of persons, owned and occupied by them before the erection of the bell, that they receive the full force of the sound, such persons being thereby deprived of sleep during hours usually devoted to repose, and personally annoyed and disturbed, and the quiet and comfort of their homes impaired, is a private nuisance to them ; the owner of the mill may be restrained by injunction from ringing the bell for such purposes, the ringing not being shown to be necessary or reasonable ; and evidence of a custom to ring the bells in other places for similar purposes is inadmissible.

W. ALLEN, J. This is a bill in equity praying for an injunction to restrain the defendants from ringing a bell. The case comes here on appeal by the defendants from a decree entered by a single judge, enjoining them from ringing the bell earlier than half after six o'clock in the morning. The plaintiffs for many years have owned and occupied dwelling-houses situated, one about one thousand feet, and the other about three hundred feet, from a woollen mill of the defendants. The defendants began to run their mill, which had been before that occupied by other persons, in December 1879, and about January 1, 1880, placed the bell upon the mill, and caused it to be rung every working day at five o'clock, and twice between six and six and one half o'clock, in the morning, and at other times during the day, except that the five-o'clock bell was discontinued during the summer months.

The plaintiffs allege that the bell as rung is a private nuisance to them, and injures their property, and disturbs the quiet and comfort of their homes ; that it is not necessary for any purpose of trade or manufacture ; that it is unnecessarily large, and rung at unseasonable hours, and unreasonably long. The defendants in their answer deny that the bell is a nuisance to the plaintiffs, and say that it is used by the defendants to summon the operatives in their mill to work ; that it is necessary and customary to adopt some method to summon operatives in such a manufactory

to their work; that the bell is of suitable size, and rung at suitable hours, and in a proper manner, for that purpose.

Two questions are presented: whether the plaintiffs have proved that the ringing of the bell is a nuisance to them; and whether it is such a nuisance that this court will interfere to restrain it by injunction.

Noise which constitutes an annoyance to a person of ordinary sensibility to sound, such as materially to interfere with the ordinary comfort of life, and impair the reasonable enjoyment of his habitation, is a nuisance to him. *Crump* v. *Lambert*, L. R. 3 Eq. 409. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95. *Fay* v. *Whitman*, 100 Mass. 76. Upon a careful examination of the evidence reported, it seems fully to sustain the finding of the judge who heard the case, that the ringing of the bell was a nuisance to the plaintiffs. The bell weighs about two thousand pounds, and is set in an open tower about forty feet from the ground, and was rung for a long time at five o'clock, as many as ninety strokes having been repeatedly counted. The residences of the plaintiffs are so situated with respect to the bell, particularly that of the plaintiff Davis, being higher than the bell and upon a hill-side, with no obstruction between, that they receive the full force of the sound, and they are in a village in which, at that hour, there is no other ringing of bells, or other disturbing noise. Without referring to the evidence in detail, or reviewing the particular circumstances affecting the question, it is enough to say that the evidence sustains what must have been found by the judge, namely, that the plaintiffs were deprived of sleep during hours usually devoted to repose, and were personally annoyed, and disturbed in their homes, and the quiet and comfort of their dwellings were impaired, as the natural consequence of the acts of the defendants which are complained of. Nor is the fact that a large majority of the persons living nearer to the bell than the plaintiffs were not annoyed by it, at all conclusive that it would not, and did not, awaken and annoy persons of ordinary sensibility to noise situated as the plaintiffs were. Besides the consideration that nearness to the bell would not alone determine the effect produced by its sound, it is obvious that the bell was sufficient and effective to awaken persons ordinarily sensitive to sound, who were no more exposed

to its effects than the plaintiffs were. That was the effect it was intended to produce, and, if it had not in fact produced the effect, its use would not have been continued. The fact that some persons may have had such associations connected with the sound that it may have been to them a pleasure rather than an annoyance, or that the sensibility of others to the sound may have become so deadened that it ceased to disturb them, shows that the noise was not a nuisance to them, but does not change its character as to others. Many persons can, by habit, lose, to some extent, their sensibility to a disturbing noise, as they can to a disagreeable taste or odor or sight, or their susceptibility to a particular poison, but it is because they become less than ordinarily susceptible to the particular impression. In this case, the evidence shows that persons were awakened and disturbed by the bell until they had lost ordinary sensibility to its sound.

The other question presented is, whether the plaintiffs are entitled to an injunction. Upon general principles, they would be entitled to an injunction against a nuisance of this nature, for the obvious reason that they can have no adequate remedy in actions at law for damages. *Cadigan* v. *Brown*, 120 Mass. 493. But the defendants argue that relief by injunction is in the discretion of the court, and will not be granted where it will be inequitable between the parties, or will work detriment to the public, and that, in this case, the abatement of the nuisance by injunction will involve damage to the defendants in a lawful business, carried on by them to the public benefit, disproportionate to the damage to the plaintiffs from its continuance; and that the court ought not to interfere by injunction, but leave the plaintiffs to their remedy in damages which may be recovered in actions at law. The business in which the defendants are engaged is such a business; and if it appeared that the effect of an injunction would be to materially affect it, the argument for the defendants would be of great weight. But the evidence does not show that the ringing of the morning bells is at all essential to the defendants' business, or that it is anything more than a convenience to them. The time for commencing work in the mill was at half after six o'clock in the morning, and the ringing of the morning bells was to aid the operatives in being at their work at that time. It may be convenient for

the boarding-house keepers to be called at five o'clock, and for the defendants' operatives to be called at six o'clock, and to be summoned to the mill at half after six o'clock; but the evidence wholly fails to show that there are not other and equally effective methods of accomplishing the result which will not interfere with the rights of the plaintiffs. The custom in other places cannot affect the rights of the plaintiffs. The question is, largely, what is reasonable under the circumstances peculiar to the case. The defendants have adopted a certain method for producing a result subordinate in their business; they thereby do damage to the plaintiffs. If that method is so necessary to their business that it is reasonable that they should use it, notwithstanding the damage it does to the plaintiffs, then it is reasonable that the plaintiffs should suffer the damage, or obtain an indemnity by an action at law. But it is for the defendants to show that their act is, under all the circumstances, reasonable; and we think that the evidence warranted the judge before whom the case was heard in finding that the ringing of the bell before the hours of six and one half o'clock in the morning was not necessary or reasonable.        *Decree affirmed.**

*N. Morse & E. W. Hutchins*, for the defendants, cited *Scott* v. *Firth*, 10 Law Times (N. S.) 240; *Gaunt* v. *Fynney*, L. R. 8 Ch. 8; *St. Helen's Smelting Co.* v. *Tipping*, 11 H. L. Cas. 642; *Walter* v. *Selfe*, 4 DeG. & Sm. 315; *White* v. *Cohen*, 1 Drew. 312; *Ripon* v. *Hobart*, 3 M. & K. 169; *Attorney General* v. *Nichol*, 16 Ves. 338; *Salvin* v. *North Brancepeth Coal Co.* L. R. 9 Ch. 705; *Fay* v. *Whitman*, 100 Mass. 76; *Gilbert* v. *Showerman*, 23 Mich. 448; *Richards's appeal*, 57 Penn. St. 105; *Huckenstine's appeal*, 70 Penn. St. 102; *Dumesnil* v. *Dupont*, 18 B. Mon. 800; *Hahn* v. *Thornberry*, 7 Bush, 403; *Jordan* v. *Woodward*, 38 Maine, 423.

*C. G. Davis*, for the plaintiffs, among other cases, cited *Elliotson* v. *Feetham*, 2 Bing. N. C. 134; *Soltau* v. *De Held*, 2 Sim. (N. S.) 133; *Harrison* v. *St. Mark's Church*, 3 Weekly Notes (Penn.) 384.

---

* Section 1 of the St. of 1883, c. 84, which was approved on March 28, and took effect upon its passage, is as follows :

" Manufacturers and others employing workmen are authorized, for the purpose of giving notice to such employees, to ring bells and use whistles and gongs of such size and weight, in such manner and at such hours, as the board of aldermen of cities and the selectmen of towns may in writing designate."