HUGH QUINN *vs.* LOWELL ELECTRIC LIGHT CORPORATION.

Middlesex.   Nov. 14, 1884. — Sept. 4, 1885.   COLBURN, J., absent.

The Pub. Sts. *c.* 102, §§ 40, 47, prohibit the erection of a stationary engine, within five hundred feet of a dwelling-house or public building, without a license, in any city or town in which the St. of 1862, *c.* 74, has been adopted at a legal meeting of the city council of the city or the inhabitants of the town called for that pur-pose. *Held*, that the requirement that the adoption of the statute shall be at a meeting called for the purpose is limited to an adoption by the inhabitants of a town, and does not apply to the action of a city council.

A license " to set up and run a stationary steam-engine, for the purpose of driv-ing machinery used in generating electricity," is no bar to an action, by the owner of a dwelling-house within five hundred feet of the licensee's works, for a nuisance occasioned by noise, jarring, and vibration caused by the machinery, as distinct from the engine.

TORT for a nuisance, namely, the maintenance and use of a steam-engine, boilers, and machinery for generating electricity for lighting purposes at the defendant's works on Middle Street in Lowell, and within five hundred feet of the plaintiff's dwell-ing-house.   Writ dated November 22, 1883.   The defendant

justified under a license from the mayor and aldermen of. Lowell. Trial in the Superior Court, before *Rockwell*, J., who directed a verdict for the defendant; and reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial granted. The facts material to the points decided appear in the opinion.

*W. H. Anderson*, for the plaintiff.

*G. F. Richardson*, for the defendant.

W. ALLEN, J. The license was under the Pub. Sts. *c.* 102, §§ 40, 47, which prohibit the erection of a stationary engine within five hundred feet of a dwelling-house or public building, without a license, in any city or town in which the St. of 1862, *c.* 74, has been adopted "at a legal meeting of the city council of the city or the inhabitants of the town called for that purpose." The St. of 1862, *c.* 74, was adopted at a regular meeting of the city council, and not at a special meeting called for the purpose. We think that the requirement that the adoption shall be at a meeting called for the purpose is limited to an adoption by the inhabitants of a town, and does not apply to the action of a city council, which is usually composed of different bodies, acting at regular meetings and under prescribed rules of procedure.

The license was "to set up and run a stationary steam-engine, not exceeding two hundred and fifty horse-power, for the purpose of driving machinery used in generating electricity at their works on Middle Street." The court ruled, in substance, that the use of the machinery, as well as of the engine, was licensed; and that the plaintiff could not recover on account of noise, jarring, and vibration caused by the machinery, which, but for the license, would give him a right of action for a private nuisance.

This ruling involves the propositions, that nothing which is licensed under the statute can be a nuisance for which an action will lie, and that the use of the machinery was duly licensed. The second only of these is before us for revision.

The language of the license may well be construed as descriptive of the engine only; but, if it is assumed that the intention appears to license the defendant's works, and the business

carried on there, as well as the engine, we think the license exceeds the authority given by the statute. The statute is one of several provisions, originally enacted at different times, regulating the use of engines, furnaces, and boilers, and intended to guard against dangers incident to their use. These statutes are reënacted in the Pub. Sts. c. 102, §§ 40–53. The provision under consideration was first enacted in the St. of 1862, c. 74, which merely prohibits the erection of an engine for use in circumstances mentioned, without a license from the municipal authorities, and declares such an unlicensed engine a public nuisance, which can be summarily abated by the authorities. The obvious intention of the statute is to restrict the use of engines, by declaring their use without a license a public nuisance. The construction contended for would evolve from the provision that every unlicensed engine should be a common nuisance, not only the enactment that no licensed engine could be a nuisance, but also authority to license and legalize every work in which an engine might be used, giving to municipal authorities absolute power to determine beforehand, and without trial by jury, and without revision, the lawfulness, as regards private as well as public right, of any business or operation in which an engine should be used. We cannot infer, from a prohibition to use steam power without a license from the selectmen, a grant of authority to them to license any manufactory or business, in itself a nuisance, in which steam power may be used. The statute was intended to regulate the use of a dangerous power, by forbidding the use of an engine unless specially authorized, and not to regulate other nuisances which an engine might aid in levying. In *Saltonstall* v. *Banker*, 8 Gray, 195, it is intimated that an engine may be a nuisance in consequence of its location, construction, or employment, although licensed, but the case is decided on other grounds.

*Call* v. *Allen*, 1 Allen, 137, which is relied on by the defendant, was under the St. of 1845, c. 197, § 2 (Pub. Sts. c. 102, § 42). That statute prohibited the future erection of a steam-engine in a mill for sawing, planing, or turning wood, without a license; it provided, as to an engine in use in such a mill, that, if it should be adjudged dangerous and a nuisance, an order might be made as to alterations in the building, the length of the smoke-flues,

and other provisions required by the safety of the neighborhood, and gave to the owner a right of trial by jury. Under this provision, an order was made requiring certain alterations in the defendant's building, and prescribing regulations for carrying on the mill. It was decided that the mill, while carried on in accordance with the order, was not a nuisance, and that the plaintiff could not maintain an action for a private nuisance on account of it. All that need be said of that decision is, that it has no application to the case at bar. It decided that, in a statute specifying engines in use in a particular kind of mill, the power given to the selectmen to make an order prescribing rules, restrictions, and alterations as to the building and the mill, with the right given to the owner to have a revision of the order by a jury, implied a right to the owner to continue to carry on his mill according to the order. This is no authority for the proposition that a statute, which makes any engine used without a license a common nuisance, authorizes the licensing, so that it cannot be a private nuisance, of any mill, or business or operation in which an engine may be used. We think the license is no bar to an action for a nuisance to the plaintiff caused by the machinery as distinct from the engine. For the reason stated, there must be a                                    *New trial.*