SARAH J. ALTER *vs.* NATHAN D. DODGE.

Essex. Nov. 6, 1885. — Jan. 11, 1886. FIELD & DEVENS, JJ., absent.

The owner of a brick building in a city, used as a manufactory of shoes, and situated within five hundred feet of a dwelling-house, was licensed by the board of aldermen of the city "to erect for use a stationary engine, to be propelled by steam power, at his shoe manufactory on P. Street." *Held,* that the license sufficiently complied with the provisions of the Pub. Sts. *c.* 102, § 40.

BILL IN EQUITY to restrain the defendant from erecting and using a stationary steam-engine, boilers, and other machinery, and a brick engine-house and chimney, within five hundred feet of the plaintiff's dwelling-house, in Newburyport. The case was heard by *W. Allen,* J., and reserved, at the plaintiff's request, for the consideration of the full court. The facts appear in the opinion.

*D. L. Withington,* for the plaintiff.

*J. C. M. Bayley,* for the defendant.

MORTON, C. J. This cause was set down for hearing, and was heard, upon the bill and answer. All the allegations of the answer must be taken to be true, and the plaintiff therefore concedes that the only ground upon which she can maintain the bill is that the license granted to the defendant by the board of aldermen of the city of Newburyport is insufficient and invalid.

The defendant is the owner of a brick building used as a manufactory of shoes, situated within five hundred feet of the plaintiff's dwelling-house. After due hearing, the board of aldermen granted him a license in the following terms: "City of Newburyport. Steam-engine license. This is to certify, that Nathan D. Dodge has been licensed by the board of aldermen of the city of Newburyport to erect for use a stationary engine,

to be propelled by steam power, at his shoe manufactory on Prince Street." This license was duly recorded.

The Pub. Sts. *c.* 102, § 47, provide that no stationary engine propelled by steam or other motive power shall be put up within five hundred feet of a dwelling-house, " unless a license therefor has been first granted and recorded in the manner herein provided." The manner of granting such licenses is found in § 40 of the same chapter, which provides for the granting of licenses by the mayor and aldermen of cities and the selectmen of towns, " prescribing the place where the building shall be erected in which the steam-engine or furnace is to be used, and the materials and construction thereof, with such regulations as to the height of flues and protection against fire as they deem necessary for the safety of the neighborhood."

The defendant's license sufficiently prescribed the place where the steam-engine was to be used, namely, at his shoe manufactory on Prince Street; and as the building in connection with which it was to be used was already erected, the designation of the building rendered unnecessary any other description of the materials and construction thereof.

The license contemplated that the defendant should erect the engine at, and as a part of, his shoe manufactory ; and it would be too narrow a construction to hold that he violated or exceeded his license by covering it with an engine-house, added to his building, and of the same materials. If it is essential, as a condition precedent to the validity of the license, that it should prescribe the materials and construction of the building, which we need not decide, we think the defendant's license does this sufficiently.

The plaintiff objects that the license does not make any " regulations as to the height of flues." This was a matter within the discretion of the aldermen. By the statute, they may make "such regulations as to the height of flues and protection against fire as they deem necessary for the safety of the neighborhood." As in this license they made no such regulations, it must be assumed that they did not deem any to be necessary for the safety of the neighborhood. The omission to do so does not make the license void. *Bill dismissed.*