HENRIETTE K. WHITE & others *vs.* CHARLES KENNEY
& another.

Suffolk.   May 26, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Injunction — Erection of Stable — License from Board of Health.*

On a bill in equity praying that the defendants be enjoined from erecting or caus-
ing to be erected a stable, it appeared that they had received from the board
of health of the city a license to erect it, granted under the St. of 1891, c. 220,
at a public hearing at which the petitioners were represented.  The petitioners
wished to introduce evidence of what would be the natural and probable effect
of the erection and use of the proposed building according to the terms of the
license.  *Held,* that the statute gave the determination of this question to the
board of health, and that the bill should be dismissed with costs.

BILL IN EQUITY, filed April 16, 1892, praying that the defend-
ants be enjoined from erecting, causing to be erected, or using
a stable on a lot of land in Boston.

Hearing before *Lathrop,* J., who ordered that the bill be dis-
missed, with costs, and reported the case for the determination
of the full court.  If the ruling was right, the decree was to be
affirmed, with costs ; if erroneous, the court was to make such
order as justice and equity might require.  The facts appear in
the opinion.

*R. M. Morse & G. R. Swasey,* (*M. Morton* with them,) for
the plaintiffs.

*C. A. Williams,* for the defendants.

KNOWLTON, J.   The defendants have received from the board
of health of the city of Boston a license to erect their stable,
granted after a public hearing at which the plaintiffs were rep-
resented.   The license was issued under the St. of 1891, c. 220,
which provides, in § 1, that "no person shall hereafter erect,
occupy, or use any building in any city for a stable for more than
four horses, unless first licensed so to do by the board of health
of said city, and in such case only to the extent so licensed."
Section 4 makes punishable violations of the act, and provides
that "any court having equity jurisdiction may restrain any

such erection, occupation, or use contrary to the provisions of this act."

Under statutes somewhat similar it has been held that the act gives to the designated tribunal jurisdiction to determine finally whether the use of property in accordance with the terms of a proposed license would or would not make it a public or private nuisance, and that the use of the building in conformity with the license granted would not subject the owner to indictment or injunction. *Commonwealth* v. *Rumford Chemical Works*, 16 Gray, 231, 233. *Call* v. *Allen*, 1 Allen, 137. *Sawyer* v. *Davis*, 136 Mass. 239. See also *Quinn* v. *Lowell Electric Light Co.* 140 Mass. 106; *Quinn* v. *Middlesex Electric Light Co.* 140 Mass. 109; *Alter* v. *Dodge*, 140 Mass. 594.

Whether this doctrine should be applied to the statute now before us to the full extent contended for by the defendants it is unnecessary in the present case to decide. The plaintiffs do not offer to show that they have suffered any injury, or that any nuisance has been created, but they wish to introduce evidence of what will be the natural and probable effect of the erection and use of the defendants' proposed building according to the terms of the license. We are of opinion that the statute gives the determination of this question to the board of health. This kind of question always arises when an application for a license to erect such a stable in a city is made, and if the board of health cannot finally determine it, their license, when granted, is of no effect. If the building had been erected, and was in use, and if it were contended that the plaintiffs were suffering from a nuisance, the case would be different, and it then might become necessary to determine whether the defendants could be held liable, in a proceeding of this kind, for acts done within the authority of the license. But after a hearing before the board of health, and a license granted in pursuance of the finding of that board, we cannot enter into an inquiry, which at the best must be largely speculative, as to the probable effect of erecting and using a building which the statute recognizes as under certain circumstances proper to be erected and used. The provision of the statute above quoted, which authorizes courts of equity to restrain any " erection, occupation, or use contrary to the provisions of this act," implies that courts may not restrain

an erection which is in accordance with the act; and after a license has been granted this provision should be given effect, so far at least as to justify the court in refusing, before the stable is erected, to investigate probabilities of injury in the future which in their nature are more or less conjectural. We are of opinion that the bill should be dismissed, with costs.

*Bill dismissed.*