MICHAEL MURTHA vs. SEWELL K. LOVEWELL & others.

Suffolk.    December 10, 11, 1895. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Injunction to restrain Nuisance — License from Board of Aldermen — Statute.*

Under Pub. Sts. c. 102, §§ 40–48, a license obtained in proper form, after due notice, to continue the business of melting iron, etc., is a defence to a bill in equity for a private nuisance, and an injunction will not be granted.

BILL IN EQUITY, to enjoin an alleged nuisance, and for damages for its continuance.  Hearing before *Holmes*, J., who, at the request of the parties, reported the case for the determination of the full court, such decree to be made as law and equity might require.  The facts appear in the opinion.

*P. J. Doherty & A. E. Burr*, for the plaintiff.

*L. S. Dabney*, (*A. A. Folsom* with him,) for the defendants.

LATHROP, J.  The defendants do not now contend that their furnace for melting iron was not properly found by the justice of this court who heard the case to be a nuisance at common law, but they seek to justify their acts on the ground of certain so called licenses issued by the mayor and aldermen of Chelsea, under the Pub. Sts. c. 102, §§ 40–48.  The first of these appears to be merely a street permit to use a portion of the street in front of the premises for the deposit of building materials.

On March 5, 1895, a license to erect a furnace for melting iron was granted to the defendants, with the provision that they build a stack twenty-five feet in height above the roof of the building, with a suitable spark arrester placed upon the top thereof.  Due notice was given of the application for such a license, in accordance with Pub. Sts. c. 102, § 41.  A copy of this order was served upon the defendants, but through some mistake the height of the stack above the roof was stated to be twenty feet instead of twenty-five feet.  Thereupon the defendants proceeded to erect their stack only twenty feet high above the roof.  Subsequently, this mistake was discovered, and the defendants filed a petition that the board of aldermen should

revise the order by striking out the word "five" after the word "twenty," and on May 14, 1895, the former action of the board was rescinded, and a new license was issued to maintain a steam engine and boiler, also to melt iron, etc., on condition that the chimney on said building be twenty feet high, and capped with a suitable spark arrester. No notice, however, was given to any one on this petition.

We are of opinion that the defendants show no ground of defence. They did not comply with the license of March 5, 1895, although perhaps through no fault of theirs, and the license of May 14, 1895, cannot avail them, because no notice was given, as provided in § 41 referred to. If the case stopped here, the plaintiff would be entitled to an injunction to restrain the defendants from continuing the nuisance, and to the damages which have been assessed for the injury already done to the plaintiff's premises.

But it was stated by counsel on both sides, at the argument, that since the case was reported to this court the defendants had obtained a license in proper form, after due notice, to continue their business, and we have been requested to consider the question whether, under the sections above referred to, a license is any defence to this bill in equity for a private nuisance. If it is a defence, it is obvious that an injunction should not be granted, and the plaintiff will be entitled only to the damages which he has sustained, and which, by agreement of parties made at the argument, is to be the sum found by the justice who heard the case.

We are of opinion that it is well settled in this Commonwealth, that, under statutes similar to the one before us, where a license is granted by a local board and the licensees are complying with the license, what they do cannot be considered as a nuisance, or be restrained by this court. In *Commonwealth* v. *Parks*, 155 Mass. 531, it is said by Mr. Justice Holmes: "It is settled that, within constitutional limits not exactly determined, the Legislature may change the common law as to nuisances, and may move the line either way, so as to make things nuisances which were not so, or to make things lawful which were nuisances, although by so doing it affects the use or value of property."

Under the St. of 1845, c. 197, § 1, which is similar in its language to the Pub. Sts. c. 102, § 40, it was said in *Call* v. *Allen*, 1 Allen, 137, 142, 143, that, the power being vested in the officers named in the statute to grant licenses, " It is an inevitable implication from its exercise in making and recording an order prescribing rules, restrictions, and alterations as to the building in which the furnace or engine is constructed, and other provisions for the safety of the neighborhood, ·that the owner may thereafter, by conforming, to and observing all the terms and requirements of the order, lawfully continue to maintain, use, and work them "; and, again, " The further prosecution of his business by the defendant, by the use of his engine, was lawful ; and his mills and works could afterwards be justly complained of only when he should fail in any respect to comply with the requirements of the order, or should act contrary to or in violation of its provisions."

This question was considered at length in *Sawyer* v. *Davis*, 136 Mass. 239, 241, 242, 245. In that case, after this court had determined on a bill in equity that the ringing of a bell on a mill was a private nuisance to the plaintiff, and after a final injunction was issued restraining such ringing, the Legislature passed a statute authorizing manufacturers, for the purpose of giving notice to employees, to ring bells and use whistles and gongs of such size and weight, and in such manner and at such hours, as the board of aldermen of cities and the selectmen of towns might designate. The selectmen of the town where the mill was situated granted a license to the owner to ring the bell on the mill at the hour at which he was prevented from ringing it by the injunction. It was held on a bill of review, brought by the mill owner, seeking to have the injunction dissolved, that the statute was constitutional, and that the bill could be maintained. It was said in the opinion : " And when the Legislature directs or allows that to be done which would otherwise be a nuisance, it will be valid, upon the ground that the Legislature is ordinarily the proper judge of what the public good requires, unless carried to such an extent that it can fairly be said to be an .unwholesome and unreasonable law." See also *Commonwealth* v. *Rumford Chemical·Works*, 16 Gray, 231 ; *Alter* v. *Dodge*, 140 Mass. 594; *White* v. *Kenney*, 157 Mass. 12, 13

The case of *Quinn* v. *Lowell Electric Light Corporation*, 140 Mass. 106, upon which the plaintiff relies, was decided upon the ground that a license under the Pub. Sts. c. 102, §§ 40, 47, to run a steam engine, if it included authority to run any kind of machinery, was broader than the statute; and that the machinery, therefore, might by its noise be a nuisance for which an action for damages would lie.

In the case at bar the nuisance appears to have been caused by the spark arrester not preventing sparks and small pieces of red-hot iron from falling upon the vacant lot of the plaintiff, but " the authority to do an act must be held to carry with it whatever is naturally incidental to the ordinary and reasonable performance of that act." 136 Mass. 245. The presiding justice has stated that he was satisfied that, on the evidence, this spark arrester was the best one known for the purpose, and so found it to be suitable; and that the furnace and chimney were managed with all the precautions practicable for the business.

Under the statutes above referred to, which apply to this case, we are of opinion that there is enough to show that the Legislature intended the license to cover the whole question, and to authorize the doing of the business with reasonable care. We are also of the opinion that the finding of the single justice shows that the business was conducted with such care. Assuming that there was a proper license, we are therefore of opinion that the plaintiff is not entitled to an injunction, but is only entitled to recover the damages which have been assessed.

*Decree accordingly.*