ANNIE LEVIN *vs.* FREDERICK W. GOODWIN.

Suffolk.    January 22, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Nuisance. License. Bowling Alley. Damnum absque Injuria.*

A person carrying on a business may be licensed under statutory authority to make a noise which but for the license would be a nuisance.

A person maintaining bowling alleys for hire in conformity with a license granted to him under R. L. c. 102, § 168, cannot be restrained from operating his alleys between ten o'clock P. M. and six o'clock A. M. on the second floor of a wooden building with unplastered walls if these things are permitted by his license.

A person who suffers loss from the operation of a bowling alley in conformity with a license granted under R. L. c. 102, § 168, has no remedy against the licensee.

BILL IN EQUITY, filed March 7, 1905, by the owner of a wooden three story house with a suite of rooms on each story, one occupied by the plaintiff with her husband and family and the others let to tenants, to restrain the tenant of the second floor of an adjoining building from operating four bowling alleys therein, especially at night.

The defendant in his answer alleged that he was carrying on the operation of the bowling alleys as a business under a license granted to him by the board of police of the city of Boston.

In the Superior Court the case was heard by *Richardson*, J., who found the facts to be as stated in the opinion. Among other findings he made the following:

" I find that the operation of said bowling alleys during certain hours of the night is an actual substantial disturbance of the plaintiff's enjoyment of her said estate, and has resulted in a pecuniary loss to her; I think that the plaintiff would have substantial relief from further disturbance and loss if the operation of said alleys should be discontinued at night between the hours of ten o'clock P. M. and six o'clock A. M., and I find she has suffered pecuniary damage down to the time of the filing of the bill of at least one hundred dollars."

The judge ordered a decree for the plaintiff in accordance with the foregoing finding, and by agreement of parties reported the case and all questions of law therein for determination by this court.

*F. N. Nay*, (*D. Stoneman* with him,) for the plaintiff.

*J. H. Soliday*, (*F. A. Goodwin* with him,) for the defendant.

LATHROP, J. The principal question in this case is whether the license granted to the defendant, under the R. L. c. 102, § 168, was a full protection to him; and we have no doubt that it was. The Legislature has seen fit to delegate to municipal authorities, except in Boston, and in Boston to the board of police, the power to grant a license to a person to keep a billiard, pool or sippio table, or a bowling alley for hire, gain or reward, upon such terms or conditions as they deem proper, and to revoke it at their pleasure.

There can be no doubt that the law is constitutional. *Commonwealth* v. *Kinsley*, 133 Mass. 578. Nor can there be any doubt that a person carrying on a business may be licensed to make a noise, which but for the license would be a nuisance. In *Davis* v. *Sawyer*, 133 Mass. 289, this court restrained by injunction the ringing of a factory bell at an early hour in the morning for the purpose of arousing its operatives, declaring it to be a private nuisance. The Legislature then passed an act, (St. 1883, c. 84,) giving manufacturers and others employing workmen the right to ring bells and use whistles and gongs of such size and weight, in such manner, and at such hours, as the board of aldermen of cities and the selectmen of towns may in writing designate. The selectmen of the town where the factory was situated then gave to the manufacturer a license to ring the same bell at the hour at which he was prevented from ringing it by the injunction; and this court on a bill of review reversed its former judgment. *Sawyer* v. *Davis*, 136 Mass. 239. It is somewhat significant that in this case the court in its opinion, among other things, refers to the statutes "establishing hospitals, stables, and bowling alleys." 136 Mass. 244.

The question involved in the case before us was fully discussed in *Murtha* v. *Lovewell*, 166 Mass. 391, and the line was sharply drawn between the liability of a person carrying on a business causing a nuisance, before and after the obtaining of a license.

In the case before us the defendant has done nothing which his license did not authorize him to do. The judge expressly found that the bowling alleys were built in the same manner that such alleys are usually constructed, and contained certain pads or cushions designed to deaden the noise caused by the dropping or rolling of the balls.

The judge further found that before the filing of the bill the defendant put double windows on the side of the building next the plaintiff's house, and put burlap on the ceiling to deaden the noise; and that the alleys as run made no more noise than would be expected from the conduct of any similar business under similar conditions.

The judge of the Superior Court seems to have based his finding in favor of the plaintiff upon the ground that the plaintiff would have substantial relief from further disturbance and loss

if the operation of the alleys should be discontinued at night, between the hours of ten o'clock P. M. and six o'clock A. M. This may be true, but the court had no authority to change the hours named in the license, or to afford the plaintiff relief so long as the conditions of the license were complied with.

Nor are we of opinion that the plaintiff is aided by the finding of the judge that the operation of alleys on the second floor of a wooden building, with unplastered walls, makes much greater noise than the operation of alleys on the ground floor or basement of a building where alleys usually are built. There is nothing in the finding which shows that the defendant did not do what he had a right to do under his license; nor is there anything in the law which confines the use of bowling alleys to a plastered building, or to the ground floor or basement.

While the plaintiff has suffered loss, this does not entitle her to recover such loss from the defendant, who has acted strictly within his legal rights.

*Bill dismissed.*