<hr/>

## WALTER E. WHITCOMB & others *vs.* PIERRE VIGEANT & another.

Worcester.   September 26, 1921. — February 28, 1922.

Present: RUGG, C. J., DE COURCY, CARROLL, & JENNEY, JJ.

*Nuisance. License,* Of public amusements. *Equity Jurisdiction,* To restrain nuisance. *Municipal Corporations,* Mayor. *Equity Pleading and Practice,* Bill, Demurrer.

No public hearing is required by G. L. c. 140, § 181, before the granting of a license under the provisions of that section.

Section 181 of G. L. c. 140, providing for the licensing of public amusements, is broad enough in its scope to include the licensing of public dances and dance halls.

The use of a hall in a city for public dances in accordance with a license granted by

the mayor under the provisions of G. L. c. 140, § 181, cannot be a nuisance, and could not subject the owner to injunction or indictment.

While, upon a demurrer to a bill in equity to restrain an alleged contemplated maintenance of a nuisance, general allegations of nuisance will be taken at their face value, they must be read in conjunction with the specific averments in the bill and are limited by definite facts there set forth.

In a bill in equity by a number of owners of real estate and residents in a certain neighborhood in a city alleged to be of a residential character and wholly unfit for a public dance hall, against one, who was constructing a building to be used as a public dance hall, and the mayor of the city, the plaintiffs alleged that the mayor without a public hearing had determined to grant a license for the use of the building, when constructed as a public dance hall, and that such use would be a great detriment to the residential character of the neighborhood where the plaintiffs resided, would seriously damage their property, and would constitute a nuisance. There was no allegation that the mayor was required to hold a public hearing before granting a license, nor that the mere erection of the building would constitute a nuisance. The prayers of the bill were that the mayor be restrained from granting a license until after a public hearing, and that, after a hearing upon the merits, the erection, maintenance and use of the public dance hall be adjudged a nuisance as alleged. The defendants demurred. *Held,* that

(1) No facts were alleged which would warrant the enjoining of the mayor from exercising the discretion and power invested in him by G. L. c. 140, § 181;

(2) No facts were alleged which would warrant the enjoining of the proprietor of the hall from using it in accordance with a license under G. L. c. 140, § 181, if such license were granted;

(3) The bill should be dismissed.

BILL IN EQUITY, filed in the Superior Court on June 29, 1921, and afterwards amended, by eleven plaintiffs, each of whom owned and lived in a house at or in the immediate vicinity of the corner of North Street and Mason Street in the city of Leominster, and who alleged that they brought the suit "not only for themselves but in behalf of all other residents and real estate owners in the vicinity who are affected by the matters" therein "complained of," against Pierre Vigeant, who was building a hall of an open type for use as a public dance hall in the vicinity named, and Henry F. Sawtelle, the mayor of Leominster, who, it was alleged, intended without holding a public hearing to issue a permit for the use of the building as a public dance hall, which, it was alleged, in the circumstances would result in a nuisance. The prayers of the bill were that the defendant Sawtelle, "in his capacity as mayor as aforesaid, be restrained and enjoined from granting a license for public dances or for the conduct of a public dance hall in the said building or at the said location, until after a public hearing shall be given by him upon the same," and that

"after a hearing on the merits . . . the erection, maintenance or conduct of a public dance hall or the giving of public dances in said building or at said location, shall be decreed to be a public nuisance and abatable as such."

The defendants severally demurred. The demurrers were heard by *Sisk*, J., and were sustained, and a final decree was entered dismissing the bill. The plaintiffs appealed.

G. L. c. 140, § 181, is as follows: "The mayor or selectmen may, except as provided in section one hundred and five of chapter one hundred and forty-nine, grant, upon such terms and conditions as they deem reasonable, a license for theatrical exhibitions, public shows, public amusements and exhibitions of every description, to be held upon week days only, to which admission is obtained upon payment of money or upon the delivery of any valuable thing, or by a ticket or voucher obtained for money or any valuable thing, or in which, after free admission, amusement is furnished upon a deposit of money in a coin controlled apparatus; and the mayor ¡or selectmen may revoke or suspend such license at their pleasure, but they shall not grant a license for any such theatrical exhibitions, public shows or public amusements or exhibitions of any description whatever to be held upon Sunday, except as provided in chapter one hundred and thirty-six."

*R. W. Robbins*, for the plaintiffs.

*J. M. Hoy*, (*J. F. Coburn & J. H. P. Dyer* with him,) for the defendants.

Rugg, C. J. Various householders seek by this suit in equity to enjoin the defendants, one of whom is mayor of Leominster and the other of whom is a resident of that city intending to erect and complete in the vicinity of the homes of the several plaintiffs a public dance hall of an open type for continual use during summer seasons. There are allegations of purpose by the defendant Vigeant, immediately upon the completion of the building, to apply to the mayor for a license to conduct a public dance hall, that the mayor is vested by law with authority to grant such license, that he will grant such license without hearing the plaintiffs, that the proposed location is wholly unfit for a public dance hall, and that the operation as a dance hall would be a great detriment to the residential character of the neighborhood where

the plaintiffs reside, would seriously damage their property, and would constitute a nuisance. Separate demurrers were filed by each defendant, which were sustained. The plaintiffs' appeal from a decree dismissing the bill brings the case before us.

There is no allegation in the bill that the law requires the mayor to hold a public hearing before granting a license for a public dance hall. No such hearing is required by G. L. c. 140, § 181.

There is no allegation that the mere erection of a building susceptible of use as a dance hall would be a nuisance. The gravamen of the bill is that the use of a building for that purpose in the designated locality would be a nuisance. It is provided however, by G. L. c. 140, § 181, that public amusements may be licensed by the mayor. This section is broad enough in its scope to include public dances and dance halls. If the hall is not licensed, it cannot be used, and therefore no nuisance can arise. *Cook* v. *Fall River,* 239 Mass. 90. If the hall is licensed and public dances are authorized, there can be no nuisance because the statute in effect confers upon the mayor jurisdiction to determine finally whether the use of the property in accordance with the license would be a nuisance, and such use would not subject the owner to injunction or indictment.

General allegations of nuisance are taken at their face value on demurrer, but they must be read in conjunction with the specific averments and are limited by the definite facts set forth. They must be all considered in the light of controlling provisions of the statute. No facts are stated in the bill which would warrant the issuance of an injunction against a public officer like the mayor from exercising the discretion and the power vested in him by law as to granting a license. No facts are disclosed which warrant the interposition of a court of equity against the other defendant because, if he procures a license as is averred to be likely, then such license will completely protect him, provided that he conforms to its conditions.

The case is in principle within the authority of numerous decisions. *Sawyer* v. *Davis,* 136 Mass. 239. *Call* v. *Allen,* 1 Allen, 137. *Alter* v. *Dodge,* 140 Mass. 594. *White* v. *Kenney,* 157 Mass. 12. *Murtha* v. *Lovewell,* 166 Mass. 391. *Levin* v. *Goodwin,* 191 Mass. 341. *Cook* v. *Fall River,* 239 Mass. 90.

*Decree dismissing bill affirmed with costs.*