ANNA E. SAWYER vs. BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    December 14, 1922. — January 5, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway. *Nuisance. Way,* Public.

At the trial of an action of tort against a street railway company for personal
injuries received by a woman when she struck her head against a signal box,
maintained on a pole by the defendant, as she was crossing the defendant's
tracks to a shelter on a platform in a highway after having alighted from a
street car, "it was admitted that the pole in question to which said box was
attached was located in the public highway, and no claim was made that either
pole or box was erected or maintained without proper legal authority." The
plaintiff was five feet, six and one half inches tall. The box was five feet four
and one half inches above the pavement. The space between the end of the
shelter and the pole on which the box was placed was seven or eight feet.
The box was twelve or fourteen inches high and projected out from the pole
nine or ten inches. It appeared that at the time of the accident and for some
time previously the defendant had been making repairs upon its tracks and
that the signal box was installed during that time for the purpose of signalling
cars and was operated by a man standing at the box. *Held,* that

(1) By reason of the pole and box having been erected and maintained under
a license from the municipal authorities, the defendant was not guilty of main-
taining a nuisance;

(2) There was no evidence warranting a finding that the defendant had
been negligent in the way in which the pole and box were erected or maintained
or used.

TORT for personal injuries caused when the plaintiff, after leav-
ing an electric street car of the defendant, walked into a signal box
maintained by it in the highway at Coolidge Corner in Brookline.
Writ dated November 22, 1920.

In the Superior Court, the action was tried before *Flynn,* J.
Material evidence is described in the opinion. At the close of the
plaintiff's evidence, the defendant rested and moved that verdict
be ordered in its favor. The motion was denied. There was a
verdict for the plaintiff in the sum of $1,000; and the defendant
alleged exceptions.

*F. J. Carney,* (*J. A. Canavan* with him,) for the defendant.
*J. W. Vaughan,* for the plaintiff.

CROSBY, J. This is an action of tort to recover for personal

injuries received by the plaintiff by reason of coming in contact with a signal box, erected and maintained on an iron pole by the defendant.

The plaintiff testified that she alighted from an outbound car of the defendant at Coolidge Corner in Brookline; that she passed around in front of the car, crossed the place used by persons taking inbound cars, and as she stepped upon the platform came in contact with the box; that she had seen it there twice each day for at least two weeks before she was injured; that she was five feet six and one half inches tall, and that the box was five feet four and one half inches above the sidewalk; that the space between the end of the shelter on the platform and the pole upon which the box was placed (where she passed back and forth before the accident), was seven or eight feet wide. The box was twelve or fourteen inches high and projected out from the pole nine or ten inches.

The hat worn by the plaintiff at the time of her injury was exhibited in evidence and showed "a place about the size of a silver dollar in the top on the right front side crushed in, tending to show it had been in contact with some hard object with sufficient force to smash the heavy straw of which it was constructed."

If we assume that the plaintiff could be found to have been in the exercise of due care, the question remains whether there was any evidence of negligence of the defendant.

The record recites that "It was admitted that the pole in question to which said box was attached was located in the public highway, and no claim was made that either pole or box was erected or maintained without proper legal authority." We construe this recital as meaning that the pole and box had been erected in the highway and were being maintained there under a license lawfully granted to the defendant. It appeared that at the time of the accident, and for some time previously the defendant had been making repairs upon its tracks and that the signal box was installed during that time for the purpose of signalling cars, and was operated by a man standing at the box.

It is well settled that the pole and box so erected and maintained under a license granted by lawful authority cannot be deemed a nuisance. It was said in *Sawyer* v. *Davis,* 136 Mass. 239, at page 244, that "There can be no doubt that such sanction

would be a good defence to an indictment for a nuisance; or to a proceeding instituted by an individual, whose only grievance was that he had sustained special damage in consequence of being disturbed in the enjoyment of some public right, such as a right to travel upon a highway or river." It is not to be assumed that the authority granted would have the necessary effect to create a nuisance, nor that the work would be done in a way that would create a nuisance. But under such a license if the thing granted was afterwards maintained in a manner so unreasonable and improper as to create a nuisance, a person injuriously affected thereby would have a remedy at law or in equity. *O'Keefe* v. *Sheehan,* 235 Mass. 390. *Haskell* v. *New Bedford,* 108 Mass. 208. *Sawyer* v. *Davis, supra,* at page 245.

In the present case the defendant has done nothing which its license did not authorize it to do. There is no contention or evidence to show that the box was not used for the signalling of cars in a legitimate and usual manner, nor that it was maintained improperly or under such circumstances as to create a nuisance.

The rights of the public after the granting of the license are governed by it, if the authority to erect and maintain the pole and the box thereon was exercised reasonably. We are of opinion that the authority so given, being for the safety and protection of the public, was entirely reasonable and proper to grant; and as it is not shown that the defendant did anything which its license did not authorize it to do, that the plaintiff cannot recover. *White* v. *Kenney,* 157 Mass. 12. *Murtha* v. *Lovewell,* 166 Mass. 391. *Washburn* v. *Easton,* 172 Mass. 525. *Commonwealth* v. *Packard,* 185 Mass. 64. *Levin* v. *Goodwin,* 191 Mass. 341. *Dolan* v. *Charles J. Jacobs Co.* 221 Mass. 256, 258. *Whitcomb* v. *Vigeant,* 240 Mass. 359.

Apart from the circumstance that the pole and signal box were erected and maintained under legal authority, we are unable to find in the record any evidence which would warrant a finding of negligence. It was properly conceded by the plaintiff's counsel at the argument that, if the plaintiff had collided with the pole, the defendant could not be found negligent by reason of its maintenance. We are of opinion that the presence of the signal box on the pole did not warrant a finding of negligence. Its position on the pole was about in the line of vision of a person of average

height looking straight forward; it was of sufficient size to be readily seen by persons approaching it, and there was ample space between it and the end of the shelter to prevent persons passing from colliding with it. It does not appear that, if it had been attached to the pole nearer the ground, or higher up where it could be reached for the purpose of signalling, pedestrians would have been less liable to come in contact with it. We are of opinion that a finding was not warranted that the defendant in the exercise of reasonable care ought to have anticipated the danger, and to have guarded against it, or given warning of its existence. *Macomber* v. *Taunton,* 100 Mass. 255. *Downey* v. *Boston,* 184 Mass. 20. *Carney* v. *Boston Elevated Railway,* 212 Mass. 179. *Adduci* v. *Boston Elevated Railway,* 215 Mass. 336. *Perkins* v. *Bay State Street Railway,* 223 Mass. 235.

The plaintiff cites *St. Germain* v. *Fall River,* 177 Mass. 550, to support her contention that the box constituted a defect in the street. The facts in that case are distinguishable from those in the case at bar.

The defendant's motion that a verdict be ordered in its favor should have been allowed; and the entry must be

*Exceptions sustained.*