JOHN A. CURRAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 10, 1924. — May 20, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Actionable Tort. Way,* Public: maintenance of pole near travelled way under municipal license. *Nuisance.*

At the trial of an action against a street railway company for personal injuries received when the plaintiff was thrown from a wagon in which he was riding in a public way in a city when the hub of one of the wheels struck a pole maintained by the defendant, there was evidence tending to show that in 1890 the defendant or its predecessors had received permission to place poles carrying overhead trolley wires along the

street, that the pole in question was one of them, and that it was erected in compliance with all requirements of the ordinances of the city; that the pole in question was set at the juncture of two sections of curbstones, partly into the curb, the distance between the outer edge of the curbstone and the pole being four and one quarter inches; that at a point two and one half feet above the sidewalk the pole leaned toward the roadway about two and one half inches; that the pole was somewhat corroded at its base; that the diameter of the wheel of the wagon of the plaintiff was thirty-six inches, and that the hub projected five inches beyond the spokes. *Held,* that

(1) The circumstances, that the pole leaned slightly toward the roadway and that it was corroded at its base did not warrant a finding that it was not erected or maintained in the place and manner authorized by the terms of the permit or license from the city;

(2) There was no evidence of negligence on the part of the defendant.

TORT for personal injuries received when the plaintiff was thrown from a wagon on Eighth Street in that part of Boston called South Boston by reason of the hub of the wheel of the wagon in which he was riding striking a pole maintained by the defendant. Writ dated July 20, 1921.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is described in the opinion. The trial judge ordered a verdict for the defendant and reported the action to this court for determination.

*R. P. Delano,* for the plaintiff.

*E. A. McLaughlin, Jr.,* for the defendant.

CROSBY, J. The plaintiff was driving along Eighth Street, in that part of Boston known as South Boston, when the hub of the front wheel of his wagon struck an iron pole, the property of the defendant, and he was thrown from the seat and injured.

It is agreed that Eighth Street was laid out in 1873 as a public way with a granite block roadway and granite curbstones; that the street was about fifty feet wide with double street car tracks in the centre which, with the space between them, occupied about thirteen feet in width; that on each side of the street was a brick sidewalk about eight feet wide, and a roadway, between the curbing and the tracks, about ten feet wide; that the pole was set at the juncture of two sections of curbstones, partly into the curb, the distance between the outer edge of the curbstone and the pole being

four and one quarter inches; that in 1890 the defendant or its predecessors had received permission to place poles and carry overhead trolley wires along this part of the street; that the pole in question was one of them, and it was erected in compliance with all requirements of the city ordinances. There was evidence that the pole was twenty-two or twenty-three feet high, and that at a point two and one half feet above the sidewalk it leaned toward the roadway about two and a half inches.

The plaintiff testified that he was driving along at a rate of about seven miles an hour on the right side of the street between the car tracks and the curbing; that when he was about ten feet from the pole he heard a street car coming behind him and turned to the right with his wheel close to the curb; that when the hub of the wheel struck the pole he was thrown to the ground. He further testified that the diameter of the wheel was thirty-six inches, and that the hub projected five inches beyond the spokes.

The facts as testified to by the plaintiff do not seem to be in dispute. If we assume that he could have been found to be in the exercise of due care, we are unable to discover any evidence of negligence on the part of the defendant. It is admitted that the pole was located, erected and maintained under a license granted by lawful authority. It has repeatedly been held by this court that such a license protects the licensee from liability on account of injuries sustained by others, provided the terms of the license are strictly complied with. In the present case there is no evidence to show that the pole was not erected and maintained in the place and in the manner authorized by the terms of the permit or license. The circumstance that it leaned slightly toward the roadway was not evidence that it was not erected and maintained as originally authorized. The fact that it was corroded at its base did not warrant a finding that it leaned toward the street from that cause, in the absence of any evidence to that effect; for aught that appears it might have been so erected and placed in precise conformity with the terms of the license.

It was held in *St. Germain v. Fall River*, 177 Mass. 550,

that a municipal corporation might be liable to the driver of a team, the wheel of whose wagon came in contact with a nut projecting from a fire hydrant close to a curbstone, whereby he was thrown out and injured. The facts are similar to those in the case at bar, except that there the nut projected from one to three inches beyond the curbing and the wheel of a wagon coming along the curbing " would be certain to hit this nut; " while here the pole was back from the outer edge of the curbing about four and one quarter inches. Besides, in that case, the commissioners in placing the hydrant were held to act as agents of the municipality which received a profit from the water works constructed and maintained by it. In *Riley* v. *New England Telephone & Telegraph Co.* 184 Mass. 150, the defendant was held liable under Pub. Sts. c. 109, § 12, now G. L. c. 166, § 42, for injuries to a traveller by a post erected and maintained by the defendant in a highway in accordance with a municipal license. These cases are plainly distinguishable from the case at bar.

In the present case, as it appears that the pole was erected and maintained in the highway by a license lawfully granted, the defendant cannot be held liable, even if without such license the pole would be a nuisance. The case is governed by *Davis* v. *Sawyer*, 133 Mass. 289, *Murtha* v. *Lovewell*, 166 Mass. 391, *Levin* v. *Goodwin*, 191 Mass. 341, *Whitcomb* v. *Vigeant*, 240 Mass. 359, *Sawyer* v. *Boston Elevated Railway*, 243 Mass. 469.

The trial judge on motion of the defendant rightly directed a verdict in its favor; and the entry must be

*Judgment on the verdict.*