12543

LAW ET AL., SPARTANBURG COUNTY BOARD v. CITY OF
SPARTANBURG

(146 S. E., 12)

*Messrs. Nicholls, Wyche & Byrnes,* for petitioners,

*Messrs. Lyles, Daniels & Drummond,* for respondent,

December 7. 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is a petition to the Supreme Court, in original jurisdiction, by the County Board of Spartanburg County against the City of Spartanburg, for a permanent injunction enjoining the City of Spartanburg from enforcing or attempting to enforce an ordinance of the City of Spartanburg prohibiting the construction within the limits of the City of Spartanburg of a tubercular hospital, and to require the City, of Spartanburg to grant unto the County Board of Spartanburg County a permit to construct such building for a tubercular hospital within the limits of the City of Spartanburg upon the presentation of plans and specifications for the construction of the same upon the ground that the ordinance is invalid, unconstitutional, null and void. By an act of the General Assembly of South Carolina, approved March 9, 1928 (35 St. at Large, p. 2013), the County Board of Spartanburg County is required to construct a tubercular

hospital upon a site selected by the Board of Trustees of the Spartanburg General Hospital.

The Trustees of the Spartanburg General Hospital have selected a site within the limits of the City of Spartanburg, containing 5½ acres, adjoining the grounds of the Spartanburg General Hospital, and making together a tract of land containing 27 acres, upon which 27-acre tract the Trustees of the Spartanburg General Hospital have requested the County Board of Spartanburg County to construct such tubercular hospital. The City Council of the City of Spartanburg thereafter passed an ordinance prohibiting the erection, maintenance, establishment, and operation within the limits of the City of Spartanburg of any hospital, sanatorium, camp, or other establishment designed and intended primarily or principally for the hospitalization, housing, care, or treatment of the tubercular, and providing that any violation of said ordinance shall be a misdemeanor and punished by a fine not exceeding $100 or by imprisonment for a period not exceeding thirty days.

Plaintiffs contend that the City Council of the City of Spartanburg has no authority to pass an ordinance in conflict with or inconsistent with the laws of the State, and that, when the Legislature of South Carolina authorizes and directs the County Board of Spartanburg County to erect a building to be used as a tubercular hospital, an ordinance passed by the City of Spartanburg prohibiting the construction of such hospital is in conflict with and inconsistent with the laws of the State of South Carolina, and is therefore invalid, and that the ordinance is unconstitutional, null, and void, in that it is in violation of and in conflict with the Constitution of South Carolina 1895 and the Constitution of the United States, in that it attempts to deprive plaintiffs of their property without due process of law, and denies to plaintiffs equal protection of the law, and further violates Section 1, Article 8, Constitution of South Carolina.

The defendant both demurred and answered.

That which the State authorizes, directs, requires, licenses, or expressly permits, a municipality is powerless to prohibit. The following is an Act passed by the Legislature of South Carolina and approved March 9, 1928:

"Section 1. That there shall be erected for Spartanburg County a tuberculosis hospital.

"Section 2. The location for the building shall be determined by the Board of Trustees of the Spartanburg General Hospital.

"Section 3. The contract for the construction of said building shall be let and the furnishings and equipment therefor shall be purchased by the Spartanburg County Board.

"Section 4. Upon completion of the building and equipment, the Board of Trustees of the General Hospital is charged with power and authority to carry on the operation and maintenance thereof in the manner as the General Hospital is now controlled and operated."

Section 5 makes appropriation upon certain conditions. Acts 1928, p. 2013.

The General Assembly passed an Act, approved March 9, 1928, authorizing Spartanburg County to issue bonds for the purpose of building and equipping a tubercular hospital and providing for a tax to pay said bonds. Acts 1928, p. 2016.

Section 4388, Code of Laws of South Carolina, 1922, Volume 3, provides that:

"The City Councils and Town Councils of the cities and towns of the State shall, in addition to the powers conferred by their respective charters, have power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting the roads, streets, markets, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and

towns, or for preserving health, peace, order and good gov-
ernment within the same. And the said city or town councils
may fix fines and penalites for the violation thereof, not ex-
ceeding one hundred dollars' fine or thirty days imprison-
ment: *Provided,* that such rules, by-laws and ordinances shall
not be inconsistent with the laws of this State."

An ordinance which is repugnant either to the Constitu-
tion or general laws is *ipso facto* void. *Clegg v. City of
Spartanburg,* 132 S. C., 182, 128 S. E., 36. "All ord-
inances or by-laws adopted by" a municipality "contrary to
the laws of the land are void." *State ex rel. Fanning and
Lord v. Mayor of Charleston,* 12 Rich. 480. "An ordinance
is the product of legislative power conferred upon the mu-
nicipality. One essential to its validity is that it shall not
conflict with the laws of the State." 28 Cyc., 290; *South-
port v. Ogden,* 23 Conn., 128; *Adams v. Mayor of Albany,*
29 Ga., 56; *Burg v. Chicago, R. I. & P. R. Co.,* 90 Iowa,
106, 57 N. W., 60, 48 Am. St. Rep., 419; *State v. Clarke,*
54 Mo., 17, 14 Am. Rep., 471; *Trotter v. Board, Etc., of
St. Louis Public Schools,* 9 Mo., 101; *Volk v. Mayor, Etc.,
of City of Newark,* 47 N. J. Law, 117; *Taintor v. Mayor*
and *Common Council of Morristown,* 33 N. J. Law, 57;
*Nolan v. King,* 97 N. Y., 572, 49 Am. Rep., 561; *Weith v.
Wilmington,* 68 N. C., 24; *Mays v. Cincinnati,* 1 Ohio St.,
268; *Katzenberger v. Lawo,* 90 Tenn., 235, 16 S. W., 611,
13 L. R. A., 185, 25 Am. St. Rep., 681; *Flood v. State,* 19
Tex. App., 584; *In re Snell,* 58 Vt., 207, 1 A., 566. A
statute will override a conflicting city ordinance, whether it
precedes or follows the ordinance in point of time. *In re
Smith,* 26 Cal. App., 116, 146 P., 82. "A State law is para-
mount to a conflicting city ordinance, where they both re-
late to a subject with reference to which the right to legis-
late is concurrent." *St. Louis v. Ameln,* 235 Mo., 669, 139
S. W., 429. City ordinances conflicting with State Con-
stitution or statute are void. *Mayor, etc., of City of Sa-
vannah v. Hussey,* 21 Ga., 80, 68 Am. Dec., 452.

"Where the Legislature directs or authorizes a par-
ticular thing to be done, the doing thereof cannot be
charged or complained of as a nuisance, although,
apart from such authority, it might be a nuisance;" 29 Cyc.,
1197. "When the Legislature of the State directs or allows
that to be done which would otherwise be a nuisance, it will
be valid, on the ground that the Legislature is ordinarily the
proper judge of what the public good requires." 20 Ruling
Case Law, 388. That which is authorized by the Legisla-
ture, within the strict scope of its constitutional power, can-
not be a public nuisance." *Blanc v. Murray,* 36 La. Ann.,
162, 51 Am. Rep., 9; *L. & N. Terminal Co. v. Lellyett,* 114
Tenn., 368, 85 S. W., 881, 1 L. R. A. (N. S.), 50. "As a
general proposition, it is true that the courts will not hold
conduct to constitute a nuisance where authority therefor
exists by virtue of legislative enactment." 20 Ruling Case
Law, 500; *Transportation Co. v. Chicago,* 99 U. S., 635,
25 L. Ed., 336; *Frazer v. Chicago,* 186 Ill., 480, 57 N. E.,
1055, 51 L. R. A., 306, 78 Am. St. Rep., 296; *Bell v. State,*
153 Md., 337; 138 A., 227; *Murtha v. Lovewell,* 166 Mass.,
391, 44 N. E., 347, 55 Am. St. Rep., 410; *Levin v. Good-
win,* 191 Mass., 341, 77 N. E., 718, 114 Am. St. Rep., 616;
*Pine City v. Munch,* 42 Minn., 342, 44 N. W., 197, 6 L. R.
A., 763; *Hinchman v. Paterson Horse R. Co.,* 17 N. J. Eq.,
75, 86 Am. Dec., 252; *Cogswell v. N. Y., N. H. & H. R.
Co.,* 103 N. Y., 10, 8 N. E., 537, 57 Am. Rep., 701. "The
delegation of this authority over nuisances is very apt to
raise troublesome questions and the authority itself is like-
ly to be taken to be broader than it is. It is first to be under-
stood that nothing is a public nuisance which the law itself,
either common or statute, authorizes. And, therefore, if the
municipal authority should assume to declare something
which was entirely lawful by the law of the State to be a
nuisance, the declaration would be a mere nullity because in
conflict with the superior law." Cooley's Constitutional Lim-
itations (6th Ed.) p. 741. "Nothing that is legal in its erec-

tion can be a nuisance *per se*. *Bacon v. Walker,* 77 Ga., 336; *Corey v. Edgwood Borough,* 18 Pa. Super. Ct., 216; 29 Cyc., 1159.

A municipal corporation, although empowered by law to declare what shall constitute a nuisance, may not declare that to be one which in fact is not. *Evansville v. Miller,* 146 Ind., 613, 45 N. E., 1054, 38 L. R. A., 161. "A municipality has no power to declare a thing a nuisance which is not such at common law, and has not been declared to be such by statute." *Chevy Chase Sanatorium v. District of Columbia,* 46 App. D. C., 558.

The Act is not in violation of section 1, article 8, or subsection 2, section 34, article 3, of the State Constitution, and it was not passed for the purpose of organization, classification, or restricting cities or towns, but under the authority of section 2, article 7, of the State Constitution, to make a special provision for the governmental affairs of Spartanburg County. *State v. Touchberry,* 121 S. C., 9, 113 S. E., 345; *Grocery Co. v. Burnet,* 61 S. C., 213, 39 S. E., 381, 58 L. R. A., 687; *Carroll v. York,* 109 S. C., 1, 95 S. E., 121; *Askew v. Smith,* 126 S. C., 159, 119 S. E., 378; *Ruff v. Boulware,* 133 S. C., 422, 131 S. E., 29; *Spartanburg County v. Miller,* 135 S. C., 348, 132 S. E., 673.

When the Legislature enacted the statute authorizing and requiring Spartanburg County to establish and maintain a tubercular hospital, it declared that the establishment and maintenance of such hospital was not detrimental to the public health, and the City of Spartanburg, therefore, could not by ordinance say that it is, nor can any other city in the State say so by similar ordinance. See authorities cited above. The City of Spartanburg is not, therefore, "subject to any restrictions other than other corporations of the same class."

Furthermore, the Act does not provide that the tubercular hospital shall be established in Spartanburg County, but

provides for the erection for Spartanburg County of a tubercular hospital. Therefore it cannot be said that it is a special act, subjecting the City of Spartanburg to any "restrictions other than other corporations of the same class." If the act is a restriction, all towns and cities of the State are subject to it, especially when the Legislature by the enactment of the law declares that a tubercular hospital is not a nuisance nor detrimental to the public health. The Legislature of South Carolina has therefore provided for the establishment of the Spartanburg General Hospital, which is a County institution, and as such becames part of the governmental affairs of Spartanburg County. This institution is a charitable institution, and is established for the primary purpose of caring for the poor, needy, and unfortunate afflicted citizens throughout the County.

Section 3, article 12, of the State Constitution, requires the counties of this State to make such provisions as may be determined by law for all those inhabitants who by reason of age, infirmity, and misfortune may have a claim upon the sympathy and aid of society. The Spartanburg General Hospital was established for the primary purpose of taking care of the unfortunate citizens of the County, as required by the Constitution. There is no law prohibiting the treatment of tubercular patients in this hospital. The Legislature evidently thought wise to establish a tubercular hospital for Spartanburg County, so that the tubercular patients may be congregated together in one hospital, and there trained and educated to care for themselves and protect the citizens of the County and the State from infection that might be caused on account of such tubercular patients being scattered throughout the towns, villages, and factories of the County and State, where the infection would be under no control and the patients permitted to spread the disease. It is a statute, not only for the care and curing of citizens afflicted with tuberculosis, but to prevent the spread of the disease.

It is the fundamental rule that it is the duty of the judiciary to uphold the constitutionality of a statute, unless its invalidity is manifest beyond a reasonable doubt. *Spartanburg County v. Miller,* 135 S. C., 356, 132 S. E., 673.

It does not seem to us that the statute is so clearly violative of the State Constitution as to require it to be declared null and void. As said in the case of *Spartanburg County v. Miller:* "It is the duty of the Legislature, unquestionably, so to legislate as to provide an adequate and efficient system of county government." The Spartanburg General Hospital is a part of the county government, and the Legislature in its wisdom may provide for the establishment of a separate hospital to care for the tubercular, and is authorized to do so by the Constitution of the State. It is a humane act, intending to relieve the suffering and sick from the great "white plague," and the ordinance of the city was passed to prevent what the Legislature had given the petitioners the right to do.

The demurrer is overruled, and the petitioners are entitled to a permanent injunction and the relief prayed for, and it is ordered that the petition be granted as prayed for. Petition granted.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.