12618

MURPHY v. COOPER, TREASURER

(147 S. E., 438)

450·

*Mr. F. Ehrlich Thomson,* for petitioner,

*Mr. E. W. Mullins,* for respondent,

March 14, 1929.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is a petition for a writ of mandamus in the original jurisdiction of this Court ordering the respondent to pay unto the petitioner salaries which are due, and which may become due, to petitioner for services rendered as a city' health inspector for the City of Columbia, and involves the petitioner's right to the office of city health inspector. Petitioner's right to the office in question depends upon the validity of Section 206 of the Revised Ordinances of the City of Columbia, S. C., which is as follows:

"That from and after January 1st, 1911, all inspectors or other employees with police powers empⁱᵒᵛed by or under the supervision of the Board of Health shall be placed under civil service rules and stand examination under the Civil Service Commission."

Petitioner was elected by the Board of Health to the office of Health Inspector, but did not stand examination prescribed by Section 206 of the Revised Ordinances, contending that said Section was void and of no force and effect, because it was a municipal ordinance which was repugnant to the Constitution and General Laws of South Carolina. Respondent contends that said Section 206 is a valid ordinance, and that petitioner's failure to comply vitiates petitioner's election by the Board of Health of Columbia, S. C., and that petitioner is now unlawfully in possession of said office, and therefore not entitled to the relief demanded in his said petition. The question involved in this proceeding is the constitutionality of Section 206 of the Revised Ordinances of the City of Columbia, S. C., and there is also involved herein a conflict between two departments of the City government of the City of Columbia, S. C., to wit, the Civil Service Commission and the Board of Health, over the proper construction of the law herein involved and their powers and duties thereunder resulting in danger to the public health of the community, and is consequently one of vital public importance.

The Board of Health is authorized by Constitution and statute to select its Health Inspectors without qualification

or restriction upon such right, pursuant to Article 8, § 10, of the Constitution of South Carolina, 1895, which is as follows:

"It shall be the duty of the General Assembly to create Boards of Health wherever they may be necessary, giving to them power and authority to make such regulations as shall protect the health of the community and abate nuisances."

The statute (Sections 2338, 2339, 2340 of Volume 3, Code of Laws of South Carolina, 1922, originally enacted as part of 21 Statutes of South Carolina, pages 817 *et seq.*), hereinafter referred to as the Board of Health Act, applies to "every incorporated city, town or village in the State of South Carolina," and expressly delegates to the boards of health authority to select its employees without restriction or qualification, except that the salaries are to be fixed by City Council. The relevant parts of said Sections are:

Section 2338. "The said Board of Health shall have power and it shall be their duty to make and enforce all needful rules and regulations to prevent the introduction and spread of infectious or contagious diseases by the regulations of intercourse with infected places, by the arrest, separation and treatment of infected persons, and persons who shall have been exposed to any contagious or infectious diseases, and by abating  *  *  *  nuisances which they shall deem prejudicial to the public health, to enforce vaccination, to mark infected houses or places, to prescribe rules for the construction and maintenance of house drains, waste pipes, soil pipes and cesspools, and make all such other regulations as they shall deem necessary for the  *  *  *  public health."

Section 2339. "The Board may in such cases appoint as many ward or district physicians and other sanitary agents as they may deem necessary, whose salaries shall be fixed by the Town or City Council before their appointment," etc.

Section 2340. "The said Board of Health shall have power, as a body or committee, as well as the Health Officer, together with his subordinates, assistants and workmen," etc.

Under Article 8, § 10, of the Constitution, the Board of Health selects its health inspectors without qualification or restriction upon such right; the city fixes their compensation; the Act of the Legislature referred to in the petitioner's statement of the case shows that power and duties; ordinances in conflict with the Constitution and Act of Legislature are null and void under the case of *Law et al., Spartanburg County Board v. City of Spartanburg,* 148 S. C., 229, 146 S. E., 12, and cases therein cited.

The petitioner is entitled to be paid for his services, and no doubt will be, but we do not know whether the respondent has any money on hand and we will not issue the mandamus as prayed for. Mandamus refused.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.

MR. JUSTICE COTHRAN: I concur in the result. I fully agree with the Chief Justice that the City Council is without authority to require a civil service examination of appointees of the Board of Health, for the reasons stated by him. The Board of Health, under its general powers in the matter of appointment of Inspectors, has the right to insist upon a civil service examination, and so report to the City Council, which could *then* place these employees under civil service rules, *but not until then.*

I am not prepared to hold that *"the petitioner is entitled to be paid for his services,"* for the reason that that determination is not necessary upon this appeal, and for the further reason that it is questionable, in view of Section 2339, which requires the salaries of employees of the Board of Health to be "fixed by the * * * City Council *before their appointment."* I think that this consideration, in addition to the fact that it does not appear that the City Council has funds applicable to the claim of the petitioner, is a sufficient ground for refusing the petition for mandamus.