22663

James Leon CHANDLER and Mary L. Chandler, Appellants v. Chris MER-
RELL and Lucille Merrell, Respondents. In re BABY BOY CHAN-
DLER, Bobbie Joe Chandler and Billie Joe Chandler, Minors under the
age of Fourteen (14) years and Terry CHANDLER, Cross-Petitioner v.
Chris and Lucille MERRELL, Respondents.

(353 S. E. (2d) 135)

Supreme Court

*Jean L. Awde,* Seneca, *for appellants.*

*Jesse M. Ray,* Greenville, *for respondents.*

*A. D. Orander, Jr.,* Easley, *for cross-petitioner.*

*H. Morris Cox,* Clemson, *Guardian ad Litem.*

Heard Dec. 10, 1986.

Decided Feb. 2, 1987.

GREGORY, Justice:

Appellants (James and Mary Chandler) commenced this proceeding to adopt three minor children, twin girls and an infant boy. Respondents (Chris and Lucille Merrell) contested the adoption and counterclaimed for custody of the children. The Family Court denied the Chandlers' adoption petition and awarded custody of the children to the Merrells. We affirm.

The Chandlers are the grandparents of the twin girls who were born during their deceased son's marriage to Corrine Chandler. The infant boy was born to Corrine during her subsequent marriage to David Gaines. Corrine and David Gaines were killed in an automobile accident shortly after the infant's birth. The Merrells are the maternal grandparents of all three of the children and have had custody of them since Corrine's death.

The Chandlers contend the Family Court erred in denying their adoption petition and awarding custody to the Merrells based on the evidence presented. The Family Court may enter a final decree of adoption after a hearing on the application only if it is satisfied that the adoption is for the best interest of the child. S. C. Code Ann. § 20-7-1760 (1985). The child's best interest is the controlling factor in any custody controversy. *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978). A party seeking to upset custody must prove a change of conditions which substantially affects the child's welfare. *Id.; see also Rodgers v. Gray*, 285 S. C. 111, 328 S. E. (2d) 478 (1985).

The evidence presented indicates that both the Chandlers and the Merrells have loving relationships with the twin girls although the Chandlers have not had the opportunity to establish any relation with the infant boy. The Chandlers admitted that it is in the children's best interest to remain together and that the Merrells have made a good effort in raising the three children to this point in time. In our view, the Family Court correctly ruled that the Chandlers failed to show it was in the children's best interests to grant the adoption.

Moreover, the burden is on the party seeking to upset custody to show a change of conditions affecting the child's welfare. *Cook v. Cobb, supra.* The Merrells have had custody of the children since their mother's death. The burden therefore is on the Chandlers to show a change of conditions. Absent this showing, the Family Court properly allowed custody to continue in the Merrells based on the evidence presented.

The Chandlers also contend the Family Court erred in ██ failing to consider awarding them custody after denial of the adoption petition. The Chandlers petition, however, requested only adoption and they stated at the hearing that they were seeking adoption rather than custody. A judgment must conform to the pleadings and be in accordance with the theory of action upon which the case was tried. *Glass v. Glass,* 276 S. C. 625, 281 S. E. 221 (1981). The Family Court cannot award relief that is not contemplated by the pleadings. *Bass v. Bass,* 272 S. C. 177, 249 S. E. (2d) 905 (1978). We find no error.

Accordingly, the judgment of the lower court is

Affirmed.

NESS, C. J., and CHANDLER and FINNEY, JJ., concur.

Associate Justice, DAVID W. HARWELL, not participating.