490 S.E.2d 4

**Gene Boyle BRADING, Appellant,**

v.

**The COUNTY OF GEORGETOWN, A Body Politic, Respondent.**

**No. 24654.**

Supreme Court of South Carolina.

Heard June 18, 1997.

Decided July 28, 1997.

Rehearing Denied Aug. 20, 1997.

---

108

Howell V. Bellamy, Jr. and Daniel J. MacDonald, of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, Myrtle Beach, for appellant.

Jack M. Scoville, Jr. and David J. Gundling, Georgetown, for respondent.

PER CURIAM:

On appeal is an order of the special referee finding a street in North Litchfield Beach had been dedicated to and accepted by the public as a street and that the street's proposed improvement to include parking for beach access did not constitute a nuisance *per accidens*.[1] We affirm.

## FACTS

The "street" in question, Second Street North, is in an area of North Litchfield Beach which was purchased by Edwin Boyle and Thomas Boyle in the 1940's. In the 1950's, the Boyles decided to subdivide the property. In 1952, a trust

---

1. The order of reference provides for direct appeal to this court.

was set up for the benefit of the Boyles' children, including Appellant Gene Boyle Brading. The trust recorded a series of plats showing streets and lots in the subdivision. The plats show the area in question. In particular, they show 1st Avenue (formerly Parker Avenue) running parallel to the ocean. They also show, *inter alia,* Blocks 1N, 2N and 3N. Between each block is designated a street, e.g., 1st Street North, 2nd Street North, 3rd Street North, etc.; the area marked 2nd Street North is the subject of this appeal. On the plats, Second Street North is designated as a 50' wide, 248' deep street, abutting 1st Avenue, running perpendicular to the ocean and ending at a 60' area marked "Dunes Restricted." Each of the plats recording the subdivision has a notation to the effect that "The right is expressly reserved to change any and all lot lines and streets herein."

Subsequent to recordation of the plats, the trust sold a number of the lots in the subdivision. The trust retained ownership over the areas marked "Dunes Restricted." One of the lots sold by the trustees was Lot 1 of Block 2N, which borders on 2nd Street North. This particular lot was sold to Margaret McEntire and was subsequently deeded back to the trust in August 1958. The deed reconveying the lot also demonstrates that it borders on Second Street North. Each of the lots sold in the subdivision contains a restrictive covenant to the effect that property owners having ocean front lots (i.e., those bordering on "Dunes Restricted" area) have the right to cross the Dunes Restricted area for beach access. Those owners not having beach front lots are permitted to cross the Dunes Restricted area where streets terminate on the strip. In 1959, the trust conveyed the subdivision, excepting several lots, to North Litchfield Beach, Inc. (NLB, Inc.). One of the lots reserved to the grantors was Lot 1 of Block 2N, the property now owned by Brading. In 1963, the trust conveyed Lots 1 and 2 of Block 2N to Brading. The deed to Brading specifically references that Lot 1 of Block 2N is bounded on the south by 2nd Street North. In 1975, Brading subdivided Lots 1 and 2 into three lots. In doing so, she represented to the County that 2nd Street North was a

publicly dedicated, accepted or maintained street.[2]

■ It is essentially undisputed that 2nd Street North, although unpaved, has been used for years as a path for beach access. However, subsequent to Hurricane Hugo, Georgetown County decided to improve 2nd St. No. and put in several parking spaces. Brading brought this action seeking, *inter alia*, an injunction, a declaratory judgment that the street had not been dedicated to the public, and a ruling that the proposed use of the street for parking would constitute a nuisance *per accidens*. Following the presentation of Brading's case, the special referee, pursuant to Rule 41(b), SCRCP, held there had been both an offer and acceptance of 2nd Street North as a public beach access.[3] Accordingly, the only issues remaining were 1) the scope of the dedication, i.e., a public walkway or a street, and 2) whether use of 2nd St. No. as a street would constitute a nuisance *per accidens*. After presentation of County's case and Brading's case in reply, the referee found both that Brading was estopped to deny 2nd Street North was dedicated as a public street, and that, in any event there was no credible evidence it had been dedicated only as a pedestrian walkway. Finally, the referee held the street's proposed use for parking would not create a nuisance *per accidens*.

## ISSUES

1. Is Brading estopped to deny that 2nd Street North has been dedicated and accepted as a public street?

2. Will the proposed use of the street constitute a nuisance *per accidens?*

---

**2.** A Georgetown ordinance prohibited erection of buildings unless they had 50′ of frontage on a publicly dedicated area.

**3.** The referee also stated that "the trust also conveyed portions of the dunes restricted area which lay between the streets and mean high water mark" of the ocean. The issue of the "Dunes Restricted" area was not before the referee and was unnecessary to his ruling. Accordingly, we vacate this portion of the referee's ruling. *Chandler v. Merrell,* 291 S.C. 227, 353 S.E.2d 135 (1987) (it is error for trial court to rule on issue which is not before him).

## 1. ESTOPPEL

 As noted previously, in subdividing her lots in 1975, Brading represented to the County that 2nd Street North was a publicly dedicated street. The referee held this representation estopped Brading to deny 2nd Street North had been dedicated as a street. Brading failed to appeal this ruling and it is therefore the law of the case. *Sandy Springs Water Co. v. DHEC*, 324 S.C. 177, 478 S.E.2d 60 (1996); *Resolution Trust Corp. v. Eagle Lake and Golf Condominiums*, 310 S.C. 473, 427 S.E.2d 646 (1993); *Biales v. Young*, 315 S.C. 166, 432 S.E.2d 482 (1993) (where decision is based on more than one ground, appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case). Accordingly, there is nothing for this Court to review.[4]

 In any event, even were the issue preserved, we agree with the referee's ruling that Brading is estopped to deny the public dedication of 2nd Street North.

At oral argument before this Court, counsel for Brading conceded that, in subdividing her property in 1975, Brading had represented to the County that 2nd Street North was a publicly dedicated street. A Georgetown County Zoning Ordinance enacted in 1973 required 50' of frontage on a publicly dedicated area as a prerequisite to erection of buildings thereon. The plat Brading recorded to demonstrate the subdivision shows 2nd Street North as a "50' street." We find Brading's representation to County that 2nd Street North was a "50'

---

4. We are unpersuaded by Brading's claim the referee's estoppel ruling applies only to the scope of the dedication, i.e., as a street or a pedestrian walkway, and not to the issue of whether there had been an offer and acceptance. Although the referee's estoppel ruling is contained in the portion of the order dealing with the scope of the dedication, the order provides that she is estopped from claiming 2nd Street North was not dedicated as a public street. Clearly, if Brading is estopped from challenging the issue of whether 2nd Street North has been publicly dedicated as a "street," she is likewise estopped from claiming it was not offered and accepted as a street. Accordingly, we find the referee's ruling encompasses this issue as well. *See Kreutner v. David*, 320 S.C. 283, 465 S.E.2d 88 (1995) (this Court may affirm for any reason appearing in record).

street" sufficient to give rise to an estoppel.[5]

The essential elements of estoppel as related to the party estopped are (1) conduct that amounts to a false representation or concealment of material facts, or, at least, that is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those that the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. *Southern Dev. Land and Golf Co. v. South Carolina Pub. Serv. Auth.*, 311 S.C. 29, 426 S.E.2d 748 (1993). As related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) prejudicial change in position. *Id. See also McDuffie v. O'Neal*, 324 S.C. 297, 476 S.E.2d 702 (Ct.App. 1996).

These elements are met in the present case. Brading represented to County that 2nd Street North was a publicly dedicated 50' street with the knowledge such representation would be relied upon by County in allowing her to subdivide the property. By virtue of its failure to object to the subdivision, we find County did, in fact, rely on the representation. The referee correctly ruled Brading was estopped to deny the street was a publicly dedicated street.[6] *Cf. City of Dallas v. Crow*, 326 S.W.2d 192 (Tex.1959) (where plaintiffs filed plats showing a street over land not owned by

---

5. Contrary to counsel's contention, we do not intend to suggest Brading had the authority to, herself, dedicate the street. We merely hold her representation that the street was a publicly dedicated street estops her from claiming otherwise.

6. Moreover, dedication may be presumed by proof the property of one denying the street has been dedicated is described as fronting on such street. 26 C.J.S. *Dedication* § 44. Here, not only does the deed to Brading from the Boyle trust indicate the property is bounded on the south by 2nd Street North, but Brading herself, in deeding portions of her subdivided property, indicated it was bounded by "2nd Street North." *See also* 26 C.J.S. *Dedication* § 12 (one claiming title under a muniment standing in a chain of title which describes his lots according to a map is estopped to deny the dedication of the streets shown thereon).

plaintiff, and thereafter sold lots to purchasers with reference to the plats, plaintiffs were estopped to deny land in controversy had been dedicated as a public street).

## 2. NUISANCE *PER ACCIDENS*

█ Brading also contends the referee erred in finding County's proposed improvement of the street would not constitute a nuisance *per accidens.* We disagree.

█ The opening of a public street cannot constitute a public nuisance. Nothing is a public nuisance which the law itself authorizes. *Home Sales Inc. v. City of North Myrtle Beach,* 299 S.C. 70, 382 S.E.2d 463 (Ct.App.1989). In *Home Sales,* a situation similar to the one at hand, the Court of Appeals recognized that the City was not in reality opening a "parking lot" but, rather, was opening part of a street along which there were designated parking areas.[7] As such, it found the opening of the street to be a lawful act which could not be the wrongful act upon which the tort of nuisance might be based. If a nuisance did in fact develop, it was the result of those who used the street and not by any act of the City. *Id.* *Home Sales* is clearly dispositive of the issue and, accordingly, the referee properly held Brading had failed to demonstrate a nuisance *per accidens.*[8]

**AFFIRMED IN RESULT.**

█

---

**7.** Here, County plans to put parking spaces along one side of the street end.

**8.** Even if *Home Sales* were not dispositive, equity will not interfere where the anticipated nuisance is doubtful, contingent, or conjectural. To entitle one to injunctive relief against a threatened or anticipated nuisance, public or private, it must appear that a nuisance will inevitably or necessarily result from the act or thing which it is sought to enjoin. *Welborn v. Page,* 247 S.C. 554, 148 S.E.2d 375 (1966). The referee correctly held the anticipated nuisance was not inevitable.