THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
HRFH, LLC, Respondent,
v.
Pourlos Enterprises, Inc., Steve C. Pourlos and J. Allen  Howell,
Appellants.
 
 
 

Appeal From Greenville County
 G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2006-UP-308
Submitted June 1, 2006  Filed July 5, 2006

AFFIRMED

 
 
 
Adam Fisher, Jr., of Greenville, for Appellants.
Melvin Hutson, and Lynn Hudson, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this breach of contract case, Pourlos Enterprises, Inc. (PEI), Steve C. Pourlos, and J. Allen Howell appeal from the jurys verdict in favor of HRFH, LLC.  We affirm.[1]
FACTS
HRFH employed the services of Foothills Real Estate, the Windsor/Aughtry Company, and agent Charles Reyner, Jr., (collectively, real estate agencies and agent) to locate a tenant for its soon-to-be renovated historic building in downtown Greenville.  The real estate agencies and agent located PEI.  On October 26, 2000, PEI entered into a ten-year lease with HRFH for the first floor and basement of the building to open a fine dining restaurant to be called the Vault.  PEIs president, Pourlos, and financial officer, Howell, signed a personal guarantee for the obligations of PEI under the lease.  The term of the lease was to commence January 1, 2001, and PEI was required to pay two months rent in advance.  The lease provided that rent would then commence forty-five days after the space was delivered for PEIs upfits for the restaurant.  An addendum to the lease provided that HRFH would be responsible for certain renovations prior to delivering the space to PEI and that PEI was responsible for installing the remaining walls, furniture, fixtures, and kitchen infrastructure necessary for the restaurant.   
To enable PEI to open the Vault by the end of March 2001, the parties agreed PEI could contract with the same construction firm hired by HRFH to perform demolition and upbuilding on the building, Raby Construction.  Thus, HRFHs upbuilding and PEIs upfits could be performed simultaneously.  However, HRFHs construction was delayed while PEI sought plans and permits to upfit the space for the restaurant.  PEI also requested several changes to the building, including moving the proposed location of the bathrooms and changing the floors, that required additional delay.  PEI finally obtained architectural plans on January 2, 2001, which were not approved by DHEC until February 1, 2001.  Although it would have taken another thirty days to obtain a permit before construction could begin from that point, Pourlos never directed Raby Construction to proceed.  In addition to the construction delays, the chef hired to create the menu and cook at the Vault quit.  Throughout this time period, Pourlos and Howell sought additional investors for PEI.  
PEI alleged that HRFH breached the lease by not delivering the renovated space for their upfits by January 1, 2001.  On February 7, 2001, Pourloss attorney sent a request to HRFH for $139,000 to release HRFH from any further liability for breaching the lease.  After requesting further assurances from PEI and being informed that Pourlos wanted to get out of the lease, HRFH sent Pourlos a letter on April 12, 2001, indicating the premises would not be delivered to PEI because it had breached the agreement in numerous respects, including:  Howells failure to provide financial disclosures; Pourloss express repudiation of the lease; Pourloss actions that amounted to purposeful delay of the renovations of the building; and PEIs subletting of the space to Fovos, Inc., without approval of HRFH.   
HRFH filed the underlying lawsuit for, among other claims, breach of contract against PEI, Pourlos, Howell, and the real estate agencies and agent.  PEI, Pourlos, and Howell counterclaimed, alleging breach of contract, fraud, and equitable indemnity.  The real estate agencies and agent were eventually dismissed from the action.  A trial was held in June 2004.  After the presentation of all of the evidence, both parties moved for a directed verdict.  The trial judge directed a verdict for PEI, Pourlos, and Howell (collectively, Appellants) on HRFHs claim for breach of contract accompanied by a fraudulent act.  The judge also directed a verdict for HRFH on Appellants claims of fraud, breach of contract accompanied by a fraudulent act, and equitable indemnity.  Both parties claims of breach of contract went to the jury.  The jury returned a verdict in favor of HRFH in the amount of $190,000 on its breach of contract claim and also found in favor of HRFH on Appellants breach of contract claim.  The trial judge denied Appellants post-trial motions.  This appeal followed.  
LAW/ANALYSIS
I.  Breach of Contract
Appellants argue the trial judge erred by denying their motion for a directed verdict as to their breach of contract claim against HRFH.  They also argue the trial judge erred in denying their post-trial motion for judgment notwithstanding the verdict (JNOV).[2]  We disagree.
In reviewing a denial of motions for directed verdict and JNOV, the evidence and the reasonable inferences that can be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Brady Dev. Co. v. Town of Hilton Head Island, 312 S.C. 73, 78, 439 S.E.2d 266, 269 (1993);  Evans v. Taylor Made Sandwich Co., 337 S.C. 95, 99, 522 S.E.2d 350, 352 (Ct. App. 1999).  The motion should be denied where the evidence yields more than one inference or its inference is in doubt.  Evans, 337 S.C. at 99, 522 S.E.2d at 352.  When considering the motion, the appellate court nor the trial court has authority to decide credibility issues [or] . . . to resolve conflicts in the testimony and evidence.  Garrett v. Locke, 309 S.C. 94, 99, 419 S.E.2d 842, 845 (Ct. App. 1992).
The parties do not dispute the existence of the written lease agreement in this case.  They only dispute the interpretation of that contract.  The main guide in contract interpretation is to ascertain and give legal effect to the intentions of the parties as expressed in the language of the lease.  Gilbert v. Miller, 356 S.C. 25, 30, 586 S.E.2d 861, 864 (Ct. App. 2003). 
Where the language of the contract is clear, this court must interpret the lawful meaning of the contract and the intent of the parties according to the plain, ordinary, and popular sense of the terms used in the agreement.  Id. at 30-31, 586 S.E.2d at 864. 
Appellants rely on the commencement date of the lease, January 1, 2001, as the date by which HRFH was to deliver the premises.  Because this did not occur, they argue their motions for directed verdict and JNOV should have been granted.  Although the lease provided that it commenced on January 1, 2001, that HRFH would make certain upfits prior to delivery, and that payment of rent would commence forty-five days after delivery, the lease did not provide a date by which the premises would be delivered.  Conflicting testimony was presented at trial regarding whether the parties believed the January 1, 2001 date was the delivery date or merely the commencement date for the lease.  Viewing the evidence in the light most favorable to HRFH, more than one inference can be made regarding the delivery date.  Therefore, the trial judge did not err in denying the motion for a directed verdict or JNOV.  Evans, 337 S.C. at 99, 522 S.E.2d at 352.  
II.  Lost Profits/Future Damages
Appellants argue the trial judge erred in denying their request to present evidence of damages in the form of lost future profits.  We disagree.
The admission or exclusion of evidence is a matter within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion resulting in prejudice.  Commerce Ctr. of Greenville, Inc. v. Powers McElveen & Assocs., Inc., 347 S.C. 545, 559, 556 S.E.2d 718, 725-26 (Ct. App. 2001).  In order to show lost future profits as an element of damages in a new enterprise, the damages must be the natural result of the breach of contract, the damages must have been reasonably contemplated by the parties, and the lost profits must be established with reasonable certainty.  Drews Co. v. Ledwith-Wolfe Assocs., Inc., 296 S.C. 207, 213, 371 S.E.2d 532, 535-36 (1988).  The proof must pass the realm of conjecture, speculation, or opinion not founded on facts, and must consist of actual facts from which a reasonably accurate conclusion regarding the cause and the amount of the loss can be logically and rationally drawn.  Id. (quoting 22 Am.Jur.2d Damages § 641 (1988)).  Different methods for proving lost future profits are acceptable, including, but not limited to, expert testimony, economic and financial data, market surveys, comparison with similar enterprises, and comparison with the profit history of plaintiffs successor.  Id. at 213-14, 371 S.E.2d at 536.  
Appellants sought to introduce evidence of lost future profits through the testimony of Pourlos, and the trial judge allowed Pourlos to testify in camera regarding this issue.  According to Pourlos, he projected that in the first year, the Vault would have $360,000 in lunch sales, $540,000 in dinner sales, and a gross profit of $216,723.  He admitted that he based those figures on his own experience as the owner of a fast food restaurant, and he did not contact a financial professional in coming up with those figures.  After hearing Pourloss testimony, the trial judge ruled the lost future profits evidence was too speculative and would not be admitted.  In their post-trial motion, Appellants argued the trial judge erred in excluding the lost profits evidence.  The trial judge found that because the jury found for HRFH on Appellants counterclaim for breach of contract, the question of damages was nullified.   
We agree with the trial judges decision to exclude the evidence of lost future profits in this case.  Pourlos did not have experience as a restaurateur of a fine dining establishment, no evidence was presented of profits from a comparable restaurant, no expert testimony was presented, and no market surveys or analysis were performed.  Pourloss testimony amounted to speculation.  Thus, the trial judge correctly excluded it.  Moreover, we agree with the trial judge that the jurys finding in favor of HRFH on Appellants breach of contract counterclaim rendered the question of damages moot.  Accordingly, we find no abuse of discretion in excluding the lost future profits evidence.   
III.  Equitable Indemnity
Appellants argue the trial judge erred by dismissing their cause of action for equitable indemnity prior to trial.  They assert the actions of Raby Construction and HRFH caused their loss, for which under the theory of equitable indemnity, Pourlos is entitled to recovery for costs and attorneys fees.  We disagree. 
Appellants counterclaim for equitable indemnity was brought against HFRH and the real estate agencies and agent.  Appellants did not make Raby Construction a party.  Prior to trial, the trial judge dismissed the claim for equitable indemnity against the real estate agencies and agent for failure to state facts sufficient to constitute a cause of action pursuant to Rule 12(b)(6), SCRCP.  After presentation of all the evidence, HRFH moved to dismiss the equitable indemnity claim against it.  Appellants counsel mistakenly informed the judge that the equitable indemnity claim had already been dismissed against all parties.  After HRFHs counsel pointed out that the cause of action still existed, the judge appeared to rule that the pleadings did not support the equitable indemnity claim, stating [t]heyre not going to get the pleadings.  In their post-trial motions, Appellants argued the trial judge erred in his pretrial dismissal of the equitable indemnification claim.    
A motion to dismiss for failure to state a claim must be based solely on the allegations set forth on the face of the complaint.  Cowart v. Poore, 337 S.C. 359, 363, 523 S.E.2d 182, 184 (Ct. App. 1999).  In reviewing a motion to dismiss a counterclaim, the court must consider whether, in the light most favorable to the nonmoving party, and with every doubt resolved in his favor, the counterclaim states any valid claim for relief.  Charleston County Sch. Dist. v. Laidlaw Transit., Inc., 348 S.C. 420, 424, 559 S.E.2d 362, 364 (Ct. App. 2001); Cowart, 337 S.C. at 363-64, 523 S.E.2d at 184-85.  
Equitable indemnity is based on the specific relationship between the indemnitee and the indemnitor in dealing with a third party.  Rock Hill Tel. Co. v. Globe Commcns, Inc., 363 S.C. 385, 389, 611 S.E.2d 235, 237 (2005).  It is a form of compensation in which the first party is liable to pay a second party for a loss or damage the second party incurs to a third party.  Town of Winnsboro v. Wiedeman-Singleton, Inc., 303 S.C. 52, 56, 398 S.E.2d 500, 502 (Ct. App. 1990), affd, 307 S.C. 128, 414 S.E.2d 118 (1992).  

For a party to recover under a theory of equitable indemnification, three things must be proven:  (1) the indemnitor was liable for causing the Plaintiffs damages; (2) the indemnitee was exonerated from any liability for those damages; and (3) the indemnitee suffered damages as a result of the Plaintiffs claims against it which were eventually proven to be the fault of the indemnitor.

Vermeer Carolinas, Inc., v. Wood/Chuck Chipper Corp., 336 S.C. 53, 63, 518 S.E.2d 301, 307 (Ct. App. 1999).  The most important requirement for the finding of equitable indemnity is that the party seeking to be indemnified is adjudged without fault and the indemnifying party is the one at fault.  Id.
Appellants only appeal the trial judges decision to dismiss the equitable indemnity claim in the pretrial order.  The pretrial order only dealt with the real estate agencies and agent.  Appellants argue the claim should not have been dismissed against HRFH and do not challenge the dismissal of the equitable indemnity claim with regard to the real estate agencies or agent.  Thus, the trial judges pretrial dismissal of the equitable indemnity claim against the real estate agencies and agent is the law of the case.  Brading v. County of Georgetown, 327 S.C. 107, 113, 490 S.E.2d 4, 7 (1997) (holding that an unchallenged ruling, right or wrong, is the law of the case).   
Moreover, we are unable to discern from the record whether Appellants raised the argument below regarding their equitable indemnity claim against HFRH that they are raising now on appeal.  In the only discussion included in the record, Appellants counsel mistakenly informed the trial judge that the issue had already been decided prior to trial and did not present any argument when HRFH argued the issue was still before the judge.  Because nothing in the record indicates that Appellants made the current appellate argument to the trial judge, this issue is not appropriate for appellate review.  See Harkins v. Greenville County, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (holding that the appellant has the burden of presenting a sufficient record to allow review); Zaman v. South Carolina Bd. of Health & Envtl. Control, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) (noting that appellate courts will not consider any fact which does not appear in the record); Bryant v. Waste Mgmt., Inc., 342 S.C. 159, 171-72, 536 S.E.2d 380, 387 (Ct. App. 2000) (holding that a party may not argue one ground at trial and an alternate ground on appeal).     
Even assuming this issue is properly before this court, we find no error with the dismissal of the equitable indemnity claim against HRFH.  In their answer and counterclaim, Appellants alleged they were entitled to indemnity because the circumstances surrounding the lawsuit were brought about by HRFH and the real estate agencies and agent, causing them damages.  Viewing these allegations in the light most favorable to Appellants, the counterclaim failed to allege facts that constituted the cause of action for equitable indemnity.  Appellants and HRFH were opposing parties, each seeking compensation from the other for their actions.  No allegation was made that Appellants were responsible for damages to another party due to the fault of HRFH, thus entitling Appellants to be equitably indemnified by HRFH.  Because the allegations in the counterclaim failed to state facts that would support a claim for equitable indemnity, we find no error with the dismissal of the claim against HRFH.  Moreover, the jurys finding that Appellants were responsible for the breach of the lease barred any recovery under equitable indemnity.  Vermeer Carolinas, Inc., 336 S.C. at 63, 518 S.E.2d at 307 (The most important requirement for the finding of equitable indemnity is that the party seeking to be indemnified is adjudged without fault and the indemnifying party is the one at fault.).
CONCLUSION
There is evidence to support the trial judges denial of Appellants motions for a directed verdict and JNOV.  Appellants evidence of lost profits was speculative, at best, and thus the trial judge correctly excluded the evidence from the trial.  Finally, Appellants failed to allege sufficient facts in their complaint to support a cause of action for equitable indemnity against HRFH, and the jurys finding of fault barred any recovery under that cause of action.  Accordingly, the trial judges rulings and the jurys verdict are
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

[1]  We decide this appeal without oral argument pursuant to Rule 215, SCACR. 
[2]  Appellants also made post-trial motions for a new trial and a new trial nisi remittitur.  Although Appellants brief contains a sentence to the effect that the trial judges denial of all of the post-trial motions was in error, Appellants only argue the denial of the directed verdict and JNOV.  Thus, it appears that the denial of the two new trial motions is the law of the case.  Brading v. County of Georgetown, 327 S.C. 107, 113, 490 S.E.2d 4, 7 (1997) (holding that an unchallenged ruling, right or wrong, is the law of the case).