**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

James Ware, Alisa Ware, Henry Spahr, Elaine Spahr, Julie Sanders, William Craig Denny, Jeff Toomer, Allyson Toomer, Louis E. Davis, Donna Nutty, Thomas J. MacDonald, Michael G. MacDonald, Susanne B. MacDonald, Arlene Coleman, William H. McGee, Patti M. MacDonald, Scott M. MacDonald, Rose F. McGee, Jason DuBose, Amanda DuBose, Ronald L. Broome, Lawrence E. Jones, D. Diane Burr, Mark H. Thomas, Kelly C. Thomas, William Matthew Yollo, Nancy H. Yollo, Joseph DeAngelis, Beth DeAngelis, Shelly Horn, Theodore Brammer, Allison Brammer, Waymon W. Durden, Constance C. Durden, and David C. Powell, Respondents,

v.

Beaufort County, HPCCA Ferry Company, Inc., and The Daufuskie Island Ferry Service, LLC, Defendants,

of which Beaufort County is the Appellant.

Appellate Case No. 2023-000581

———————————

Appeal From Beaufort County
Courtney Clyburn Pope, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-001
Submitted September 12, 2024 – Filed January 2, 2025

———————————

**REVERSED**

---

Danny Calvert Crowe, of Crowe LaFave Garfield &
Bagley, LLC, of Columbia, for Appellant.

Thomas C. Taylor, of Law Offices of Thomas C. Taylor,
LLC, of Bluffton, for Respondents.

---

**PER CURIAM:** Beaufort County (the County) appeals the circuit court's order enjoining the County from operating a ferry service to and from Daufuskie Island out of Buckingham Landing in Bluffton as of January 1, 2024. The County argues the circuit court erred by (1) issuing an overly broad preliminary injunction, (2) failing to consider a parallel administrative proceeding that determined the County's use of the commercial dock for a public ferry was a "legal use" under the zoning ordinance, (3) issuing a preliminary injunction when there was no evidence of irreparable harm, (4) failing to consider the adequate remedies at law, and (5) setting a low injunction bond of $10,000. We reverse.

**FACTS**

In February 2017, the County began using the Buckingham Landing site (the Property), located at the end of the Fording Island Road Extension along Mackay Creek in Bluffton, as a debarkation and embarkation point for its public ferry service between the mainland and Daufuskie Island after Hurricane Matthew destroyed the previous access point. The County began leasing the Property in January 2017 and later obtained title to the Property, including the dock, by deed dated July 27, 2018, for $2.2 million.

In June 2021, almost four-and-a-half years after the ferry began operating at the Buckingham Landing site, a group of thirty-five residents of the Buckingham Landing neighborhood (Residents) initiated this action against the County and ferry operators HPCCA Ferry Company, Inc. and the Daufuskie Island Ferry Service, LLC.[1] Residents sought declaratory and injunctive relief, alleging the County's operation of the ferry service had created a nuisance and violated local zoning laws.

---

[1] The ferry operators are not involved in this appeal.

The circuit court heard Residents' motion for preliminary injunction on January 5, 2023. In support of the motion, Residents argued the County's operation of the ferry service had caused them to suffer "an exponential increase in daily traffic flow"; traffic violations in and around the neighborhood resulting in dangerous conditions for neighborhood pedestrians and bikers; illegal parking, including blocking access to a pump station, a fire hydrant, an AED station, and private driveways and other roads in the neighborhood; "excessive noise emitting from the ferry dock and parking lot beginning as early as 6:00 a.m. until after 9:00 p.m."; and "ferry passengers allowing their dogs to roam unleashed within Buckingham Landing and defecate on private properties." They further alleged that the "County [was] operat[ing] a shuttle bus using the public boat landing as a designated pick-up and drop-off location for ferry passengers" and that "ferry passengers [were] using Fording Island Road Ext[ension] and the boat landing to unload and load their belongings," both in violation of county ordinances. Residents also filed the affidavits of four Residents, all of whom testified they had observed the foregoing since the ferry began operating from the Buckingham Landing site.

Residents acknowledged they initially allowed the use of the dock for the ferry service "outside the [C]ounty's current zoning" when the County needed to relocate the access point following Hurricane Matthew. However, they argued the County represented this relocation was only temporary. Residents additionally argued alternative locations for the temporary relocation of the ferry service were available to the County.

The County argued Residents' requested relief would sever the only means of public transportation connecting Daufuskie Island and the mainland. The County further stated it was actively seeking to secure its selected alternative site.

The circuit court granted the preliminary injunction and ordered the County to cease operation of the ferry service by January 1, 2024. The circuit court found that alternative sites for the ferry access point existed, such as Pinckney Island or Turner's Marina. This appeal followed.

**ANALYSIS**

Although an injunction was appropriate based upon Residents' nuisance claim, we hold the circuit court abused its discretion by issuing an excessively broad preliminary injunction rather than tailoring the scope to address the specific nuisance elements about which Residents complained. *See Richland County v.*

*S.C. Dep't of Revenue*, 422 S.C. 292, 309, 811 S.E.2d 758, 767 (2018) ("An order granting or denying an injunction is reviewed for abuse of discretion." (quoting *Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006))); *Jennings-Dill, Inc. v. Israel*, 442 S.C. 98, 106, 897 S.E.2d 201, 205 (Ct. App. 2024), *reh'g denied* (Feb. 14, 2024) ("A preliminary injunction 'rests within the sound discretion of the trial judge and will not be overturned unless the order is clearly erroneous.'" (quoting *Atwood Agency v. Black*, 374 S.C. 68, 72, 646 S.E.2d 882, 884 (2007))); *see also Graves v. CAS Med. Sys., Inc.*, 401 S.C. 63, 74, 735 S.E.2d 650, 655 (2012) ("An abuse of discretion occurs when the circuit court's rulings 'either lack evidentiary support or are controlled by an error of law.'" (quoting *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *see also* 27 S.C. Jur. *Injunctions* § 12 ("[An] injunction should not be overbroad or provide relief more sweeping than is necessary.").

Even assuming the use of the ferry was appropriate under the applicable zoning laws, the County must use the Property responsibly in a manner that does not cause unreasonable disturbance. *See LeFurgy v. Long Cove Club Owners Ass'n, Inc.*, 313 S.C. 555, 558, 443 S.E.2d 577, 579 (Ct. App. 1994) ("If a lawful business is operated in an unlawful or unreasonable manner so as to produce material injury or great annoyance to others or unreasonably interferes with the lawful use and enjoyment of the property of others, it will constitute a nuisance."). Residents had legitimate grievances regarding how the County operated the ferry service. They complained of increased traffic, dangerous traffic conditions, excessive noise, trespass, roaming dogs, and illegal and improper parking. However, Residents failed to demonstrate the complete cessation of the ferry service was necessary to address these concerns. *See Richland County*, 422 S.C. at 309-10, 811 S.E.2d at 767 ("An injunction is a drastic remedy issued by the court in its discretion to prevent irreparable harm suffered by the plaintiff." (quoting *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 907 (2004))); *Jennings-Dill, Inc.*, 442 S.C. at 106, 897 S.E.2d at 205 ("An applicant for a preliminary injunction must allege sufficient facts to state a cause of action for injunction and demonstrate that this relief is reasonably necessary to preserve the rights of the parties during the litigation." (quoting *Compton v. S.C. Dep't of Corr.*, 392 S.C. 361, 366, 709 S.E.2d 639, 642 (2011)). Thus, the complete cessation of ferry operations from the Buckingham Landing site was more sweeping than was necessary to preserve Residents' rights during the litigation. *See* 27 S.C. Jur. *Injunctions* § 12 ("[An] injunction should not be overbroad or provide relief more sweeping than is necessary.").

Rather, the circuit court should have tailored the injunctive relief to address Residents' specific concerns without shutting down the ferry. *See Strong v. Winn-Dixie Stores, Inc.*, 240 S.C. 244, 257, 125 S.E.2d 628, 634 (1962) (stating, in the case of an anticipated nuisance, "[t]he fact that outside lights will be used to light the parking area around the store, and may create objectionable glare, is not sufficient ground to restrain the operation of the business" but that "[i]f it becomes necessary, *the operation of the lights* may be enjoined at the time, or adjusted to meet the plaintiffs' objections" (emphasis added)); *see also Home Sales, Inc. v. City of N. Myrtle Beach*, 299 S.C. 70, 82, 382 S.E.2d 463, 470 (Ct. App. 1989) ("People who live in organized communities must of necessity suffer some inconvenience and annoyance from their neighbors and must submit to annoyances consequent upon the reasonable use of property and streets by others."). For example, the circuit court could have reduced the number of times the ferry departed from and arrived at the Buckingham Landing site or directed the County to increase patrol of the area, provide a specified area where passengers could take their dogs to relieve themselves, build (or improve existing structures to provide) sufficient facilities for passengers to await the ferry, and increase enforcement of traffic violations and other relevant offenses.

Based on the foregoing, we conclude the record does not demonstrate that complete cessation of the ferry service was necessary to protect Residents' interest pending litigation and avoid irreparable harm. Accordingly, we hold the circuit court erred by ordering the shutdown of the ferry service rather than tailoring the injunctive relief to address Residents' specific complaints. *See Eldridge v. City of Greenwood*, 308 S.C. 125, 128, 417 S.E.2d 532, 534 (1992) (reversing the circuit court's order granting an injunction when the record was "devoid of any evidence 'supporting the need for this sweeping restraint order.'" (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981))).

Further, we conclude the evidence does not support the circuit court's finding that a viable alternative existed for the temporary relocation of the ferry service. Although Residents submitted the affidavit of Neil Turner, in which he offered the use of his marina as an access point for the ferry, he stated his offer was conditioned upon the County conveying a county-owned road to his company. Second, the County supplied the affidavit of a county official identifying several other reasons why Turner's Marina was not a suitable alternative for even the temporary relocation of the ferry. These reasons included parking issues, safety concerns, and the need for permitting and the construction of a covered shelter area and restroom facilities. *See Roach v. Combined Util. Comm'n of City of Easley*, 290 S.C. 437, 441-42, 351 S.E.2d 168, 170 (Ct. App. 1986) (considering an

anticipatory nuisance and rejecting the plaintiffs' assertion that the respondent should have chosen an alternative site for the location of its proposed wastewater treatment plant when the record did not show the respondent abused its discretion in selecting the site for the plant).  In addition, Residents presented no evidence concerning the suitability of Pinckney Island as an alternative location.  We acknowledge a county ordinance exists that states the County leased Pinckney Island to be used as a ferry access point.  *See* Beaufort County, S.C., Code of Ordinances § 102-96 to -101 (2000) (stating the County leased Pinckney Island Landing from the U.S. Fish and Wildlife service and that this landing and ramp would be maintained by the County for purpose of a ferry access to Daufuskie Island and public access for fishing and boating and citing to the Ordinance's location in the original 1982 code).  However, two county officials testified in their affidavits that this site was not feasible for relocation of the ferry service.  Specifically, one official testified the existing access to the boat landing at Pinckney Island was already a "major safety concern" and that "additional traffic would worsen the situation."  He further stated this location would require the construction of a covered shelter and restroom facilities, which would require a building design and permit.  The other official testified that both of the proposed alternative sites had major drawbacks and would require the County to incur "considerable expense to provide substandard temporary relief that would greatly inconvenience the users" if it were to relocate the ferry service to either of these sites.  Thus, we hold no evidence supports the circuit court's finding that a viable alternative existed for the temporary relocation of the ferry service.

For these reasons, we reverse the grant of the preliminary injunction.

Because we reverse on this issue, we decline to address the County's remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive).

**CONCLUSION**

Based on the foregoing, the circuit court's order granting the preliminary injunction is

**REVERSED.**

**THOMAS, HEWITT, and VINSON, JJ., concur.**